UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration; and DOES 1 to 100,<br><br>                            Defendants. | Case No.: 23-CV-481 JLS (AHG)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO RECONSIDER AND MODIFY JUDGMENT FOR PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (ECF No. 34);**<br><br>**(2) CONSTRUING PLAINTIFF'S MOTION TO RECONSIDER AND MODIFY JUDGMENT FOR PLAINTIFF'S *EX PARTE* MOTION FOR ELECTRONIC ACCESS, EMAIL NOTICING, AND PACER FEE WAIVER AS A MOTION FOR EXTENSION OF TIME AND GRANTING SAME (ECF No. 36)**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO RECONSIDER AND MODIFY JUDGMENT FOR PLAINTIFF'S *EX PARTE* MOTION** |

1

FOR ENTRY OF DEFAULT (ECF No. 37); AND

**(4) DENYING PLAINTIFF'S MOTION TO RECONSIDER AND MODIFY JUDGMENT FOR PLAINTIFF'S 1ST AMENDED COMPLAINT (ECF No. 38)**

Presently before the Court are Plaintiff James Johnson's Motions to Reconsider and Modify Judgment regarding (1) the Court's dismissal of Plaintiff's First Amended Complaint ("Dismissal Recons. Mot.," ECF No. 38); (2) Plaintiff's Request for Appointment of Counsel ("Counsel Recons. Mot.," ECF No. 34); (3) Plaintiff's *Ex Parte* Motion for Electronic Access, Email Noticing, and PACER Fee Waiver, which the Court liberally construes as a motion for clarification and an extension of time regarding e-filing ("E-File Mot." ECF No. 36); and (4) Plaintiff's *Ex Parte* Motion for Entry of Default ("Default Recons. Mot.," ECF No. 37) (collectively, "Pl.'s Mots. for Recons.").

Having carefully considered Plaintiff's Motions for Reconsideration, his arguments, and the applicable law, the Court **DENIES** Plaintiff's Dismissal Reconsideration Motion, **DENIES** Plaintiff's Counsel Reconsideration Motion, **GRANTS** Plaintiff's request for an extension of time to register for electronic filing, **CLARIFIES** the Court's prior Order regarding Plaintiff's exemption from PACER-related fees, and **DENIES** Plaintiff's Default Reconsideration Motion. The Court's reasoning is set forth below.

## BACKGROUND

The Court incorporates the thorough recitation of this action's factual and procedural background provided in its September 7, 2023 Order (the "Order," ECF No. 32) at 16–18, and thus sets forth below only those facts relevant to the instant Motions.

Plaintiff, proceeding *pro se*, initiated this action against Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("SSA"), on March 16, 2023. *See* ECF No. 1. Plaintiff also moved for leave to proceed *in forma pauperis* ("IFP") and for the appointment of counsel the same day. *See* ECF Nos. 2, 3. Though Plaintiff styled

his suit as a Social Security matter brought pursuant to 42 U.S.C. § 405(g) ("§ 405(g)"), he also asserted several additional causes of action. *See* ECF Nos. 1, 1-2. Plaintiff then filed additional motions, including an *ex parte* request for electronic filing and PACER access (ECF No. 13) and an *ex parte* motion for entry of default (ECF No. 26).

On May 31, 2023, Plaintiff filed his First Amended Complaint ("FAC," ECF No. 23). Before the FAC could be screened—or the foregoing motions ruled on—this case was low-numbered to the undersigned in accordance with Civil Local Rule 40.1.g due to commonalities between this matter and a previously filed case, *Johnson v. Saul*, 20-CV-747 JLS (AHG). *See* ECF No. 31.

On September 7, 2023, this Court granted Plaintiff's Motion to Proceed IFP but dismissed the FAC without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Federal Rule of Civil Procedure 8. *See generally* Order. For reasons summarized below, the Court also (1) denied without prejudice Plaintiff's Request for Appointment of Counsel, *id.* at 4–5; (2) granted Plaintiff's *Ex Parte* Motion for Electronic Access, *id.* at 9–10; and (3) denied Plaintiff's *Ex Parte* Motion for Entry of Default, *id.* at 14.

Plaintiff's instant Motions for Reconsideration followed.

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 220CV01783KJDEJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (emphasis omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, No. CIV 07-CV-362-L LSP, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007). A party may thus not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters.*, 229 F.3d at 890 (citation omitted). So, "a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Hydranautics v. FilmTec Corp.*, 306 F.Supp.2d 958, 968 (S.D. Cal. 2003) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

## ANALYSIS

### I. Plaintiff's Dismissal Reconsideration Motion

The Court previously dismissed Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Federal Rule of Civil Procedure 8. Order at 20. The Court explained that, to survive screening, the FAC must satisfy the standard set by Federal Rule of Civil Procedure 12(b)(6). *Id.* at 15. The Court also provided a detailed summary of Rule 8(a)'s "short and plain statement" requirement. *See id.* at 15–16. The Court then found Plaintiff had not complied with Rule 8, citing such issues as the FAC's confusing

and repetitive nature and its 1,148-page length. *Id.* at 19–20. The Court thus dismissed the FAC without prejudice and gave Plaintiff sixty days to file a second amended complaint. *Id.* at 21.

Though he seeks reconsideration of the FAC's dismissal, Plaintiff raises some arguments that have nothing to do with Rule 8. For example, Plaintiff contends (1) that the prescreening of IFP cases violates the Fifth and Fourteenth Amendments, *see* Dismissal Recons. Mot. at 3; and (2) that "alleged crimes are being ignored" because of the Court's prior ruling, *id.* at 4. Those arguments do not suggest the Court committed clear error in applying Rule 8(a). Nor does Plaintiff cite any intervening changes of law or provide new evidence. *See generally id.* The Court thus declines to reconsider its prior Order on either basis.

Plaintiff does allege clear error elsewhere in his Motion, but to no avail. Plaintiff asserts that courts "who review 405(g) disability cases are required to review the entire record." *Id.* at 10. So, Plaintiff argues, the Court failed to acknowledge that the FAC *had* to be lengthy to give the Court "access to the full record." *Id.* at 11. Here, Plaintiff seems to have conflated the standards courts use at the beginning and the end of certain cases. When a court is prepared to rule on an appeal of a disability benefits determination—*i.e.,* near the *conclusion* of an action brought pursuant to § 405(g)—courts do "consider the entire record." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). But at the *outset* of an action brought by a plaintiff proceeding IFP, courts screen only the *complaint* pursuant to § 1952(e)(2). While Plaintiff's confusion is understandable, it does not constitute grounds for reconsideration.

The crux of Plaintiff's remaining argument is that he cannot comply with Rule 8 without the help of an attorney.[1] Along the same lines, Plaintiff asserts that the Court

---

[1] There is a great deal of overlap between Plaintiff's Dismissal Reconsideration Motion and Counsel Reconsideration Motion. Indeed, some paragraphs are repeated verbatim in both Motions. The Court responds more fully to Plaintiff's argument that he cannot proceed without the appointment of counsel in Part II of this Order.

should be more tolerant of his pleading errors because he suffers from "medical and disability issues," Dismissal Recons. Mot. at 5, and that it is difficult to determine how long a complaint ought to be, *see id.* at 7. Plaintiff also suggests that it would be easier for the Court, rather than himself, to sift through the FAC and its exhibits to find the documents most relevant to his case. *See id.* at 9–10.

The Court acknowledges—and by no means wishes to minimize—the challenges Plaintiff discusses. Indeed, courts construe a *pro se* litigant's pleadings liberally because of the difficulty of proceeding without representation. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

*Pro se* litigants remain, however, "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citation omitted). And the Court cannot waive the procedural requirements of Rule 8, "the text of [which] is framed in *mandatory* terms." *Joseph v. City of San Jose*, No. 19-CV-01294-LHK, 2019 WL 3997482, at *3 (N.D. Cal. Aug. 23, 2019) (emphasis added); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (describing the "'short and plain statement' which Rule 8 *obligate[s]* plaintiffs to submit" (emphasis added)).

Plaintiff presents no new evidence and cites no intervening changes in the law. Nor does Plaintiff argue that the Court committed clear error in its application of Rule 8. Plaintiff instead seems to ask the Court to weaken or waive Rule 8's requirements, which the Court cannot do. As none of Plaintiff's arguments constitute proper grounds for reconsideration, the Court **DENIES** Plaintiff's Dismissal Reconsideration Motion.

## II. Plaintiff's Counsel Reconsideration Motion

Plaintiff previously filed a Request for Appointment of Counsel (ECF No. 3), which the Court denied without prejudice. *See* Order at 4–5. As the Court then explained, district courts have discretion to "request" that an attorney represent an indigent civil litigant only in "*exceptional* circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (emphasis added). The Court also explained that whether circumstances are "exceptional" depends on "the likelihood of the plaintiff's success on the merits" and

"the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Under that rubric, the Court found that Plaintiff had not shown a likelihood of success on the merits—as the case was in its infancy and the FAC had been dismissed—and that the legal issues presented were not particularly complex. Order at 5.

In seeking reconsideration, Plaintiff first argues that the Court failed to consider "key facts" in assessing Plaintiff's chances of success on the merits. *See* Counsel Recons. Mot. at 2–3. As Plaintiff cites only documents already provided to the Court and references no case law, he appears to contend that the Court committed clear error. *See id.* Plaintiff claims that various parts of the FAC and its exhibits contain "enough facts to show that the case is winnable," and "irrefutable evidence of fraud." *Id.* at 2. Given the weight of the evidence the FAC presents, Plaintiff argues, "at least one" of his claims "must survive to full victory verdict," and thus the appointment of counsel is justified here. *Id.* at 3.

But the foregoing argument does not address the reasons behind the Court's denial of Plaintiff's counsel request. In its earlier Order, the Court found Plaintiff had not shown a likelihood of success on the merits because the FAC had been dismissed for failing to comply with Rule 8(a)'s "short and plain statement" requirement. Order at 5, 19–20. The Court's decision was not based on the contents of any given exhibit or the nature of any specific claim the FAC might raise. *See id.* at 4–5. The Court also explained it was too early for the Court to evaluate Plaintiff's chances of success, as Defendant had not responded to the FAC. *Id.* at 5. Plaintiff's first argument for reconsideration engages with neither point and thus identifies no clear error.

Plaintiff's remaining arguments are no more successful. He seeks reconsideration on the grounds that (1) he needs legal assistance to pursue this case, *see* Counsel. Recons. Mot. at 3–5; and (2) his "collection of disabilities makes it near [sic] impossible for [him]" to comply with the Court's standards and deadlines, *see id.* at 6–7. These are the same arguments Plaintiff raised in his original request for the appointment of counsel, *see generally* ECF No. 3, which the Court considered and rejected, Order at 5–6.

A "recapitulation of the cases and arguments considered by the court before rendering its original decision" does not provide grounds for reconsideration. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am.*, 820 F. Supp. 834, 856–57 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994)).

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1 (3d ed.). The Court therefore **DENIES** Plaintiff's Counsel Reconsideration Motion.

### III. Plaintiff's Motion for Clarification and Extension of Time[2]

Early in this action, Plaintiff filed an *Ex Parte* Motion for Electronic Access, Email Noticing, and PACER Fee Waiver (ECF No. 13). The Court found that Plaintiff had adequately represented his ability to comply with the policies, rules, and technical requirements associated with e-filing and thus granted Plaintiff's Motion. Order at 9. The Court also granted Plaintiff's request for an exemption from PACER fees. *Id.* at 10. In accordance with local policies,[3] the Court gave Plaintiff five days in which to register as a user with the Clerk's Office and as a subscriber to PACER. *Id.* at 9. Plaintiff now seeks clarification of the Court's prior ruling and an extension of time to register for electronic access.[4] *See generally* E-File Mot.

---

[2] Like the other Motions addressed in this Order, Plaintiff styled this Motion as one for reconsideration. But because Plaintiff does not ask the Court to rule differently on his request for electronic filing, the Court exercises its discretion and construes the Motion as one for clarification and an extension of time.

[3] *See* Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (June 30, 2023), available at https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf.

[4] Plaintiff also requests training on how to use PACER. As the Court noted in the Order, navigating PACER registration and access is beyond the Court's ken. The Court once again encourages Plaintiff to contact this District's CM/ECF Help Desk at (866) 233-7983 and the PACER Service Center at (800) 676-6856 to obtain assistance with the technical aspects of the applicable electronic case filing systems.

Plaintiff asks the Court to clarify whether he may either "do case research on PACER" or "print/save copies of the filings for his own records." *Id.* at 2. As stated in the Order, Plaintiff's exemption from PACER-related fees is "limited to fees associated with filing and accessing documents filed *in this instant litigation*," and does not include "payment of fees incurred in connection with the use of PACER for any other use." Order at 10 (emphasis added). So, Plaintiff is **NOT EXEMPT** from fees associated with "do[ing] case research on PACER." Plaintiff is also **NOT EXEMPT** from paying PACER fees associated with printing or saving copies of filings from *other cases*. However, Plaintiff **REMAINS EXEMPT** from PACER fees associated with accessing—and downloading, to the extent allowed on PACER—documents filed in *this action*.

Plaintiff also seeks an extension of time in which to register as a user with the Clerk's Office and as a subscriber to PACER. E-File Mot. at 2. Plaintiff explains that he did not receive a copy of the Order until eight days after it was issued, at which point his five-day registration deadline had already passed. *See id.*

Federal Rule of Civil Procedure 6(b) permits a court to extend, for good cause, a deadline after its expiration "if the party failed to act because of excusable neglect." "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors," including, but not limited to, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Good cause appearing, the Court **GRANTS** Plaintiff's request for an extension of time. Plaintiff's delay in registering with the Clerk's Office and PACER came through no fault of his own, and a short extension will not prejudice any party. Plaintiff **SHALL REGISTER** as a user with the Clerk's Office and as a subscriber to PACER <u>within twenty-one (21) days</u> of the date of this Order. Once Plaintiff registers for CM/ECF and PACER, he will both receive and provide service of all filings in this case electronically.

### IV. Plaintiff's Default Reconsideration Motion

Plaintiff previously filed a motion for entry of default against Defendant, *see* ECF No. 26, which the Court denied, Order at 14. The Court explained that, as Plaintiff's FAC had not yet undergone mandatory screening, entry of default against Defendant was premature. *Id.* at 14. The Court cited *Hafer v. Comm'r of Soc. Sec.*, in which the court recommended denial of an IFP plaintiff's request for entry of default against the SSA because the complaint had yet to be screened. No. 122CV00972JLTEPG, 2022 WL 17353834, at *2 (E.D. Cal. Dec. 1, 2022), *report and recommendation adopted*, 2023 WL 131397 (E.D. Cal. Jan. 9, 2023).

Plaintiff now seeks reconsideration and argues that the Court committed clear error. Default Recons. Mot. at 6. Though sometimes difficult to follow, Plaintiff's argument appears to be based on the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (the "Supplemental Rules"). Specifically, Plaintiff cites Supplemental Rule 3, which explains that plaintiffs "need not serve a summons and complaint under [Federal Rule of Civil Procedure] 4." Fed. R. Civ. P. Supp. Soc. Sec. R. 3. Instead, the "court must notify the Commissioner [of the SSA] of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the [SSA]." *Id.* Defendant was sent such a Notice on March 20, 2023. *See* ECF No. 8. Per Plaintiff, Defendant had sixty days from March 20, 2023—pursuant to Federal Rule of Civil Procedure 12(a)—in which to file an answer. *See* Default Recons. Mot. at 6–8. According to Plaintiff, that "60-day answer clock" began ticking even though the Court had yet to screen the FAC. *Id.* at 8.

The Court need not express any opinion on the meaning or effect of the Supplemental Rules, as they do not apply to Plaintiff's FAC. The Supplemental Rules govern a § 405(g) action when that action "presents only an individual claim." Fed. R. Civ. P. Supp. Soc. Sec. R. 1(a). When "a claim for relief beyond review on the administrative record" accompanies "a claim for review under § 405(g)," an action "fall[s] outside the[] Supplemental Rules." *Id.* 2022 advisory committee notes. "Such

actions . . . are governed by the [Federal Rules of Civil Procedure] alone." *Id.* And here, along with his § 405(g) action, Plaintiff brings several claims for relief that go "beyond review" of "the administrative record." These include claims brought under the Fifth, Ninth, and Fourteenth Amendments; 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Civil Rights Act of 1964, 42 U.S.C. § 2000a; the Persons with Disabilities Civil Rights Act ("PDCRA"), M.C.L. § 37.1101 *et seq.*; various state laws; the Code of Federal Regulations; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Order at 18 (summarizing the FAC).

As the Supplemental Rules—on which Plaintiff's Motion heavily relies—do not apply to the FAC, Plaintiff has not identified clear error on the part of this Court. The Court thus **DENIES** Plaintiff's Default Reconsideration Motion.

## CONCLUSION

In light of the foregoing, the Court:

1. **DENIES** Plaintiff's Dismissal Reconsideration Motion (ECF No. 38);

2. **DENIES** Plaintiff's Counsel Reconsideration Motion (ECF No. 34);

3. **CLARIFIES** that Plaintiff's exemption from fees for PACER usage, as granted by the Court in its September 7, 2023 Order, <u>does not extend</u> to fees associated with researching and accessing documents filed outside of this action;

4. **GRANTS** Plaintiff's request for an extension of time to register for e-filing (ECF No. 36). Plaintiff **SHALL REGISTER** as a user with the Clerk's Office and as a subscriber to PACER <u>within twenty-one (21) days</u> of the date of this Order;

5. **DENIES** Plaintiff's Default Reconsideration Motion (ECF No. 37).

**IT IS SO ORDERED.**

Dated: October 16, 2023

Hon. Janis L. Sammartino
United States District Judge