UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>                Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration; and DOES 1 to 100,<br><br>                Defendants. | Case No.: 23-CV-481 JLS (AHG)<br><br>**ORDER (1) DENYING *EX PARTE* MOTION FOR APPOINTMENT OF COUNSEL, AND (2) GRANTING *EX PARTE* MOTION REQUESTING TIME EXTENSION FOR SECOND AMENDED COMPLAINT**<br><br>(ECF Nos. 42–44). |

Presently before the Court are Plaintiff James Johnson's renewed *Ex Parte* Motion for Appointment of Experienced and Discipline-Qualified Legal Counsel ("Renewed Counsel Mot.," ECF No. 42); *Ex Parte* Motion Requesting Time Extension for Second Amended Complaint ("Mot. to Extend," ECF No. 43); and Notice of Correction Regarding the Motion to Extend ("Notice," ECF No. 44). Having carefully considered Plaintiff's submissions and the law, the Court **DENIES** Plaintiff's Renewed Counsel Motion and **GRANTS** Plaintiff's Motion to Extend.

## BACKGROUND

The Court incorporates the recitation of this action's factual and procedural background provided in its September 7, 2023 Order (the "Order," ECF No. 32), and thus

sets forth below only those facts relevant to the instant Motions.

Plaintiff, proceeding pro se, initiated this action against Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("SSA"), on March 16, 2023. *See* ECF No. 1. Plaintiff moved for leave to proceed *in forma pauperis* ("IFP") and for the appointment of counsel the same day. *See* ECF Nos. 2–3. Plaintiff then filed his First Amended Complaint ("FAC," ECF No. 23) on May 31.

On September 7, this Court granted Plaintiff's Motion to Proceed IFP but dismissed the FAC without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Federal Rule of Civil Procedure 8. *See generally* Order. At the same time, Plaintiff was granted sixty days to file a second amended complaint. *See id.* at 22. Plaintiff later filed a request to extend that deadline, *see* ECF No. 40, which the Court granted, *see* ECF No. 41.

In the September 7 Order, the Court also denied without prejudice Plaintiff's original Request for Appointment of Counsel ("First Counsel Mot.," ECF No. 3). *See* Order at 4–5. The Court found that neither the interests of justice nor exceptional circumstances warranted the appointment of counsel, as Plaintiff had adequately litigated his case up to that point, the case was still in its infancy, and the Court was unable to determine how likely Plaintiff was to succeed on the merits of his claims. *Id.* at 5.

On September 22, Plaintiff asked the Court to reconsider its denial of Plaintiff's First Counsel Motion. *See* ECF No. 34 ("Counsel Recons. Mot."). The Court denied that request on October 16, finding that Plaintiff had not raised any grounds upon which reconsideration could be granted. *See* ECF No. 39 ("Order Denying Recons.") at 6–8.

The instant Motions followed.

## RENEWED COUNSEL MOTION

### I.   Legal Standard

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Rather, the appointment of counsel in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citing *Wright v. Rhay*, 310 F.2d 687 (9th Cir. 1962)). Under 28 U.S.C.

§ 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only in "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017.

## II. Discussion

As noted above, this is not the first time Plaintiff has sought the appointment of counsel. The Court denied Plaintiff's First Counsel Motion because Plaintiff had not shown a likelihood of success on the merits—the case was in its infancy and the FAC had been dismissed. *See* Order at 5. The Court also found that the legal issues presented were not particularly complex. *See id.* Said denial was, however, without prejudice. The Court informed Plaintiff that, "[s]hould circumstances change, [he] may be permitted to file another motion for appointment of counsel." *Id.* But circumstances had not changed by the time Plaintiff filed his Counsel Reconsideration Motion, which the Court denied because it was based on the same arguments that Plaintiff asserted in his First Counsel Motion. *See* Order Denying Recons. at 8 (explaining that a "motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision" (citation omitted)).

Here, Plaintiff relies on the same argument that failed him twice before. Plaintiff contends that he requires the help of counsel due to his disabilities. Plaintiff made—and the Court rejected—that claim in his earlier motions. *See* Order at 4; Order Denying Recons. at 7. Plaintiff citations to various constitutional and statutory provisions do not

dictate a different outcome here.[1] The Court understands that pro se litigants face significant obstacles in pursuing their claims, and that those obstacles are compounded where a litigant has disabilities "that inhibit[] his or her ability to understand or participate in the proceedings fully. *Nevertheless, the law does not provide for the right to counsel in civil cases for pro se litigants*." *Boyer v. Becerra*, No. 17-CV-06063-YGR, 2018 WL 2041995, at *7 (N.D. Cal. Apr. 30, 2018) (citation omitted and emphasis added). And while the Court is mindful of the challenges before Plaintiff, those challenges do not on their own constitute "exceptional circumstances" warranting the appointment of counsel. *See, e.g.*, *id.*; *Baptiste v. Hatton*, No. 19-CV-06551-HSG, 2019 WL 5788384, at *5 (N.D. Cal. Nov. 6, 2019); *Ward v. Pascual*, No. 3:23-CV-1423-BAS-AHG, 2023 WL 7029216, at *6 (S.D. Cal. Oct. 25, 2023).

Meanwhile, the circumstances of this case remain unchanged. The Court previously dismissed Plaintiff's FAC for failure to state a claim, and Plaintiff has yet to file his second amended complaint. *See* Docket. Plaintiff has thus not shown a likelihood of success on the merits. Further, Plaintiff does not suggest that the legal issues presented in this action have become more complicated since the Court denied his First Counsel Motion. And as Plaintiff's recent filings show that he remains "capable of legibly articulating the facts and circumstances relevant to his claims," *Ward v. Pascual*, 2023 WL 7029216, at *6, Plaintiff has continued to adequately litigate this case. The Court therefore comes to the same conclusion it reached twice before and finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Plaintiff's Renewed Counsel Motion is **DENIED**.

## MOTION TO EXTEND

The Court previously gave Plaintiff until January 9, 2024, to file his second amended complaint. *See* ECF No. 41 at 2. Plaintiff now seeks to extend that deadline to March 12.

---

[1] At various points, Plaintiff invokes the Eighth Amendment's prohibition on cruel and unusual punishment, Renewed Counsel Mot. at 4–6; the Thirteenth Amendment, *id.* at 7–9; the Due Process and Equal Protection Clauses, *id.* at 9; and the Americans with Disabilities Act, *id.* at 10–12.

*See* Mot. to Extend at 2; Notice at 2.[2]  Under Federal Rule of Procedure 6(b), the Court may, "for good cause," extend a filing deadline if a request to that effect is made "before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  Here, Plaintiff explains that his disabilities interfere with his efforts to timely respond to the Court's orders.  *See id.* at 3.  So, Plaintiff states, he cannot meet the January 9 deadline even though he has made progress on drafting the second amended complaint.  *See id.* at 4.

The Court finds that Plaintiff has sufficiently demonstrated good cause to warrant an additional extension.  *Cf. Matasareanu v. Williams*, 183 F.R.D. 242, 246 (C.D. Cal. 1998) (noting, in the context of Federal Rule of Civil Procedure 4, that "[i]ll health . . . may constitute good cause").  Plaintiff's Motion to Extend is thus **GRANTED**.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Renewed Counsel Motion (ECF No. 42) and **GRANTS** Plaintiff's Motion to Extend (ECF No. 43).  Plaintiff **SHALL FILE** a second amended complaint on or before March 12, 2024.  *Should Plaintiff fail to file his second amended complaint by that date, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and his failure to prosecute in compliance with a court order requiring amendment*.  See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  January 3, 2024

Hon. Janis L. Sammartino
United States District Judge

---

[2] Citations to the Notice refer to the blue CM/ECF page numbers stamped across the top of each page.