UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>         Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner, Social Security Administration; ERIC V. BENHAM, Administrate Law Judge; LAURA MIDDLETON, Administrative Appeals Judge; MS. KAWANO (full name and title to be ascertained); and DOES 4 to 100,<br><br>         Defendants. | Case No.: 23-CV-481 JLS (AHG)<br><br>**ORDER DENYING *EX PARTE* MOTION TO VACATE OR RECONSIDER COURT'S MAY 6, 2024 ORDER**<br><br>(ECF No. 55) |

  Presently before the Court is Plaintiff James Johnson's *Ex Parte* Motion to Vacate or Reconsider Court's May 6, 2024 Order ("Mot.," ECF No. 55). Having carefully considered Plaintiff's arguments, the law, and the contents of Plaintiff's Second Amended Complaint ("SAC," ECF Nos. 46, 46-1),[1] the Court **DENIES** the Motion.

---

[1] The SAC was filed in two parts; the first 84 pages (SAC ¶¶ 1–407) are contained in ECF No. 46, while pages 85 to 169 (SAC ¶¶ 408–976) can be found in ECF No. 46-1. As the internal page and paragraph numbers provided by Plaintiff flow seamlessly from the first document to the second, the Court will cite only to "SAC" when referencing either document.

# BACKGROUND

The Court incorporates its May 6, 2024 Order's ("Order," ECF No. 51)[2] description of this action's background and of the allegations in Plaintiff's SAC. For ease of reference, the Court will briefly repeat the relevant details here.

Plaintiff, proceeding pro se, initiated this action against the Commissioner ("Commissioner") of the Social Security Administration (the "SSA" or "Agency") on March 16, 2023. *See* ECF No. 1. Plaintiff also moved for—and was later granted—leave to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 2, 32.

Plaintiff filed the SAC on March 11, 2024. The SAC named several defendants not listed in prior iterations of his pleadings, including individual SSA employees, and raised an enormous number of claims. These claims included: (1) a 42 U.S.C. § 405(g) challenge to the Agency's decision to deny Plaintiff Title II disability benefits; (2) sixteen claims—ranging from common law torts to alleged constitutional violations—relating to Plaintiff's early retirement benefits; (3) discrimination claims brought under the Americans with Disabilities Act ("ADA"); (4) fraud claims premised on allegedly false statements made on the administrative record; (5) "conspiracy of rights" and "oppression" claims; and (6) civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68. *See generally* SAC.

In the Order, the Court screened the SAC pursuant to 28 U.S.C. § 1915(e)(2). As to subject matter jurisdiction, the Court explained that Plaintiff could not sue the federal government, its agencies, or its officials (in their official capacities) without identifying an applicable waiver of sovereign immunity. *See* Order at 11–12. As § 405(g) provides a narrow waiver, the Court concluded Plaintiff's Title II benefits challenge was not barred. *See id.* at 12–13. The same could not be said for the SAC's remaining claims, however. Because they were "inextricably intertwined" with Plaintiff's pursuit of benefits, these other claims could—by function of 42 U.S.C. § 405(h)—proceed only through § 405(g).

---

[2] The instant Motion seeks reconsideration of the May 6 Order.

*See id.* at 14–16 (quoting *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1112 (9th Cir. 2003)). And as said claims sought more than review of an administrative law judge's ("ALJ") benefits determination, they fell outside the scope of § 405(g). *See id.*

Accordingly, the Court dismissed all claims—except the § 405(g) challenge—raised in the SAC (the "Dismissed Claims") for lack of subject matter jurisdiction. *See id.* at 17. Further, as the "the only proper defendant in an action seeking judicial review of an administrative decision to deny benefits is the Commissioner of Social Security," the Court dismissed all named Defendants except Commissioner O'Malley. *Id.* at 18 (quoting *Caglia v. Appeals Council Off. of Disability Adjudication & Rev.*, No. 1:19-CV-1376-JLT, 2019 WL 5189202, at *2 (E.D. Cal. Oct. 15, 2019)).

The Court then turned to whether Plaintiff had adequately pled his § 405(g) claim, which the Court construed as targeting the ALJ's 2022 decision to dismiss Plaintiff's request for a hearing on non-appearance grounds. *See id.* at 19–20. The Court determined that Plaintiff had, as to that specific claim, (1) sufficiently established his exhaustion of administrative remedies and (2) complied with the pleading standards provided by the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (the "Supplemental Rules"). *See id.* at 20–23.

Consequently, the Court directed the Clerk of the Court to give notice of this action to the SSA's Office of General Counsel and the U.S. Attorney's Office in this District in accordance with Supplemental Rule 3. *See id.* at 24. The Court also referred Plaintiff's § 405(g) appeal to Magistrate Judge Goddard for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. *See* ECF No. 52.

On May 30, 2024, Plaintiff asked the Court for additional time to move for reconsideration of the Order. *See* ECF No. 53. The Court granted that request on June 3. *See* ECF No. 54. The instant Motion followed later the same day.

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been

made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 2:20-CV-01783-KJD-EJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (emphasis omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, No. CIV 07-CV-362-L LSP, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007). A party may thus not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters.*, 229 F.3d at 890 (citation omitted). So, "a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

## DISCUSSION

Plaintiff makes several arguments in support of his quest for reconsideration. The Court will address them in the order they are raised in the Motion.

### I.   Sovereign Immunity

Plaintiff first contends the Court erred in finding that all claims raised in the SAC were subject to the strictures of §§ 405(g) and 405(h).  Plaintiff argues government officials cannot be immune from liability for—and §§ 405(g) and 405(h) cannot be applied to—acts "conducted outside the . . . authority" provided by the Social Security Act (the "Act").  Mot. at 7.  So, per Plaintiff, as the Act does not authorize SSA officials to break the law, Defendants cannot be immune from allegations of legal misconduct no matter what Defendants "were working on when they committed [them]."  *Id.* at 9.

Plaintiff misunderstands the legal doctrines at work here.  Sovereign immunity applies in suits against federal agencies and, when sued in their official capacities, federal officers.  *See Balser v. Dep't of Just.*, 327 F.3d 903, 907 (9th Cir. 2003).  True, "[s]uits that charge federal officials with unconstitutional acts are not barred," but only because a "federal official is considered to be acting *outside an official capacity* . . . if the actions are unconstitutional."  *Adams v. Comm. on Jud. Conduct & Disability*, 165 F. Supp. 3d 911, 919 (N.D. Cal. 2016) (emphasis added) (quoting *United States v. Yakima Tribal Court*, 806 F.2d 853, 859 (9th Cir. 1986)).  Plaintiff can thus only proceed with claims that SSA officials violated his constitutional rights if he can sue those officials in their personal capacities.

This is where § 405(h) enters the picture.  To the extent Plaintiff seeks to sue "the Commissioner" or "any officer or employee thereof" in their personal capacities, he cannot do so through 28 U.S.C. §§ 1331 (federal question statute) or 1346 (Federal Tort Claims Act ("FTCA")) if his claims "aris[e] under" the Act.  42 U.S.C. § 405(h).  And because the Dismissed Claims "are intertwined with [Plaintiff's] claim for Social Security benefits," they do "arise under" the Act and must proceed through § 405(g) or not at all.  *Henderson v. Colvin*, No. 6:14-CV-1053-PA, 2015 WL 6598713, at *2 (D. Or. Oct. 29, 2015).  "There simply is no other source of federal subject-matter jurisdiction for such claims."  *Kenney v. Barnhart*, No. SACV 05-426 MAN, 2006 WL 2092607, at *6 (C.D. Cal. July 26, 2006).
/ / /

In short, the Court lacks subject matter jurisdiction over the Dismissed Claims because (1) they fall outside § 405(g)'s narrow immunity waiver, so Plaintiff cannot bring them against the SSA or federal officers in their *official* capacities; and (2) § 405(h) prevents Plaintiff from utilizing grants of federal jurisdiction that—absent the Dismissed Claims' close connection with his social security claim—might have enabled suits against Defendants in their *personal* capacities. Though understandable, Plaintiff's confusion on these points provides no ground for reconsideration.

## II. Immunity Waiver

Second, Plaintiff argues the Court erred by failing to acknowledge that, per the SAC, Plaintiff complied with the FTCA and the California's Government Tort Claims Act ("GTCA"). In the SAC, Plaintiff explains that he "sought the Agency's unrestricted permission to sue" by way of certified mail, and that the Agency failed to respond within the required six-month period. SAC ¶ 54 n.28. Plaintiff seeks reconsideration on the ground that "[t]he [C]ourt did not review this aspect" of the SAC. Mot. at 16.

This argument is meritless. Though the Order does not mention all of the SAC's 976 numbered paragraphs and 175 footnotes, Plaintiff can rest assured that the Court diligently reviewed and considered the SAC in its entirety. Plaintiff cannot secure reconsideration simply because he disagrees with the Court's evaluation of the SAC. In any event, Plaintiff may not raise his claims by way of the FTCA for the reasons discussed above, and the GTCA does not apply to Plaintiff's claims against *federal* defendants. *See, e.g.*, *Kenney v. City of San Diego*, No. 13CV248-WQH-DHB, 2013 WL 5346813, at *8 (S.D. Cal. Sept. 20, 2013) ("The [GTCA] establishes procedures for 'all claims for money or damages against local public entities' and public employees in California." (quoting Cal. Gov't Code § 905)).

## III. Presentment of SAC's Claims Regarding Early Retirement Benefits

Next, Plaintiff contends the Court incorrectly found that he had failed to present his grievances regarding early retirement benefits to the Agency, as would be required to bring a separate § 405(g) challenge pertaining to said benefits. *See* Mot. at 16–18.

Plaintiff's focus on this issue is somewhat perplexing. In the Order, the Court concluded the SAC *did not contain* a § 405(g) claim connected specifically to Plaintiff's early retirement benefits. *See* Order at 14 ("[R]ather than seeking review of a 'final decision of the Commissioner,' the allegations in [the early-retirement-benefits] section of the SAC are used to support statutory and constitutional tort claims levied against individual defendants." (quoting 42 U.S.C. § 405(g))). The Court addressed presentment only to note that Plaintiff *would* have faced a presentment problem had he included a second § 405(g) claim in the SAC. *See id.* at 14 n.8. And in his Motion, Plaintiff appears to agree that his retirement-benefits-related claims against individual defendants are not brought under § 405(g). *See* Mot. at 6–8. He also suggests that any miscalculation of his retirement benefits—as opposed to the injuries caused by the intentional misconduct allegedly committed during the application process—will likely be resolved if he prevails on his *surviving* § 405(g) claim.[3] *See id.* at 18.

Consequently, revisiting this issue would have no practical effect on the rulings laid out in the Order.[4] Even were that not the case, Plaintiff identifies no proper grounds for reconsideration. Therefore, the Court rejects Plaintiff's argument.

## IV. Leave to Amend

Fourth, Plaintiff argues the Court should have granted him leave to file a third amended complaint. *See id.* at 18–19. To that end, Plaintiff contends "[n]ew points of law" suggest he could have brought the Dismissed Claims under 42 U.S.C. § 1983. *Id.* at 18. The case Plaintiff cites for support is, however, far from "new." *See id.* (citing *Mark v. Groff*, 521 F.2d 1376 (9th Cir. 1975)). More to the point, "[§] 1983 only provides a

---

[3] To the extent Plaintiff believes resolution of his § 405(g) claim regarding Title II disability benefits will impact or touch on the calculation of his retirement benefits, nothing in the Order contradicts him or otherwise addresses that contention.

[4] Plaintiff may have included this argument in his Motion because he believed that, if revived, the Dismissed Claims would be subjected to the presentment analysis. If so, his argument is moot because the Court herein denies the Motion as to the Dismissed Claims.

remedy against persons acting under color of state law," not "federal defendants act[ing] pursuant to federal laws."[5]  *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008).

Additionally, Plaintiff asserts that dismissal without leave to amend was inappropriate because the Order marked the first judicial evaluation of the SAC's individual claims.[6]  Yes, a district court may dismiss a pro se complaint without leave to amend only in the rare case that "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).  Unfortunately for Plaintiff, however, this is one such case.  The Court previously found that the Dismissed Claims' jurisdictional deficiencies were not curable, *see* Order at 24 n.15, and nothing in the Motion provides a basis for the Court to reconsider that decision.

As doing so would be futile, the Court again declines to grant Plaintiff leave to amend. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile."); *Yellen v. Soc. Sec. Admin.*, No. CV 18-00422 ACK-RT, 2019 WL 3767459, at *7 (D. Haw. Aug. 9, 2019) (dismissing ADA claim without leave to amend where "jurisdictional defects" caused by §§ 405(g) and 405(h) "[could not] be cured by amendment"), *aff'd sub nom. Yellen v. Saul*, 820 F. App'x 615 (9th Cir. 2020).

## V.  Constitutional Challenges

Plaintiff contends §§ 405(g) and 405(h) are unconstitutional to the extent they interact with the doctrine of sovereign immunity. *See* Mot. at 23–24.  Though he mentions

---

[5] Nor can Plaintiff rely on *In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to sue federal officials in their personal capacities for violations of constitutional rights. *Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998) (holding litigant "cannot pursue a *Bivens* action for the denial of social security benefits" (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423–24 (1988))).

[6] The Court dismissed the FAC pursuant to § 1915(e)(2) and Federal Rule of Civil Procedure 8 due to its length and impenetrable nature. *See* ECF No. 32 at 19–20.

these statutory provisions in this section of the Motion, Plaintiff primarily argues that sovereign immunity is itself unconstitutional. Specifically, he argues that the Constitution "does not issue sovereign immunity for any government," and that most sovereign immunity cases have been wrongly decided because they relied on "laws established under the Monarchy." *Id.* at 24 (capitalization altered).

Setting aside the fact that Plaintiff does not identify any appropriate grounds for reconsidering the Court's prior holdings, his argument is without merit. The federal government's immunity from suit has long been recognized by the Supreme Court. *See, e.g.*, *United States v. Thompson*, 98 U.S. 486, 489 (1878) ("The United States . . . . cannot be sued without [its] consent."). In asking the Court to dismantle sovereign immunity wholesale, Plaintiff radically overestimates this Court's authority. *See, e.g.*, *Creasy v. Charter Commc'ns, Inc.*, 489 F. Supp. 3d 499, 505 (E.D. La. 2020) ("Without exception, federal district courts are bound by Supreme Court precedent.").

As the Court has previously explained to Plaintiff, a motion for reconsideration cannot be granted merely because he is unhappy with the judgment, he is frustrated by the Court's application of the facts to binding precedent, or he disagrees with the ultimate decision. ECF No. 39 at 8.

## VI.  Other Arguments

The Court declines to address Plaintiff's remaining objections. Some, like his challenge "to the denial of legal counsel in this case," Mot. at 22, are misplaced because they have no connection to the Order at issue.[7] Others are premature[8] or rely on outlandish

---

[7] The Court has thrice denied without prejudice requests from Plaintiff for appointed counsel. *See* ECF No. 45 at 3–4. None of these denials came through the Court's May 6, 2024 Order.

[8] For example, Plaintiff "objects to the exclusion of any evidence in this case." Mot. at 20. It is not clear, however, what evidentiary exclusions Plaintiff is referring to. And in any event, at issue in the Order is the dismissal of claims, not the scope of the record in a § 405(g) action. The Order thus contains no evidentiary rulings for the Court to reconsider.

allegations that the Court need not entertain.[9]

The Court also pauses to note that multiple portions of Plaintiff's Motion are discourteous and antagonistic. The Court therefore takes this opportunity to remind Plaintiff that, as a pro se litigant, he is bound by the Code of Conduct contained in the Local Rules.[10] *See* S.D. Cal. CivLR 2.1, available at https://www.casd.uscourts.gov/_assets/pdf/rules/2023.11.09%20Local%20Rules.pdf (last visited June 6, 2024). Accordingly, Plaintiff is expected "to be courteous and respectful to the Court and all court and court-related personnel" and "to honor and maintain the integrity of our justice system, including by not impugning the integrity of its proceedings, or its members." *Id.* at 2.1(2)(a), (h).

## CONCLUSION

In light of the foregoing, Plaintiff's Motion for Reconsideration (ECF No. 55) is **DENIED**. The Court will entertain no further motions from Plaintiff concerning the May 6, 2024 Order.

**IT IS SO ORDERED.**

Dated: June 11, 2024

Hon. Janis L. Sammartino
United States District Judge

---

[9] For instance, Plaintiff claims that "a team of surveillance specialists began tracking [his] every move[]" on behalf of either the Department of Justice, the SSA, or the "Senior Executive Services," after his purported association with former President Donald Trump became known. *See* Mot. at 21–22.

[10] This is not the first time the Court has had to remind Plaintiff of these expectations. *See Johnson v. Saul*, No. 20-CV-747 JLS (AHG), 2021 WL 1263955, at *3 (S.D. Cal. Apr. 6, 2021).