UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>                      Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner, Social Security Administration; ERIC V. BENHAM, Administrate Law Judge; LAURA MIDDLETON, Administrative Appeals Judge; MS. KAWANO (full name and title to be ascertained); and DOES 4 to 100,<br><br>                      Defendants. | Case No.: 23-CV-481 JLS (AHG)<br><br>**ORDER (1) DENYING MOTIONS FOR RECONSIDERATION AND (2) OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**<br><br>(ECF Nos. 80, 80-1, 81) |

Presently before the Court are pro se Plaintiff James Johnson's Objections—which the Court liberally construes as Motions for Reconsideration ("Mots. for Recons.," ECF Nos. 80 & 80-1)[1,2]—to the Court's July 29, 2024 Order ("Order," ECF No. 68). Also

---

[1] No provision authorizes "objections" to district court orders. Given the relief sought, however, courts routinely construe such filings as motions for reconsideration. *See, e.g.*, *Meeks v. Nunez*, No. 13CV973-GPC(BGS), 2017 WL 262058, at *1 (S.D. Cal. Jan. 19, 2017) ("[T]he Court construes his Objections as a motion for reconsideration as there is no provision to object to a district judge's order.").

[2] As both of the Motions for Reconsideration address the same court order but were paginated independently, the Court will cite directly to their respective ECF identification numbers for clarity.

before the Court are Plaintiff's Objections ("Objs.," ECF No. 81) to Magistrate Judge Goddard's August 1, 2024 Order Denying Plaintiff's *Ex Parte* Motion for Extension ("MJ Order," ECF No. 72). For the reasons below, the Court **DENIES** the Motions for Reconsideration and **OVERRULES** Plaintiff's Objections.

## **MOTIONS FOR RECONSIDERATION**[3]

In its prior Order, the Court (1) granted Plaintiff's request to seal duplicate copies of already-sealed documents that had landed on the Docket; (2) rejected Plaintiff's contention that S.D. Cal. General Order No. 514-C ("General Order 514-C")[4] had been incorrectly applied in this action; (3) denied Plaintiff's invitation to open an investigation into the handling of his case (e.g., the supposed failure to seal documents); and (4) denied Plaintiff's request to disqualify the entire United States Department of Justice ("DOJ") from representing the Government. *See generally* Order. With the possible exception of the first-listed item, Plaintiff takes issue with each of these decisions.

### I. Legal Standard

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 2:20-CV-01783-KJD-EJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

---

[3] The Court incorporates by reference the entirety of its July 29, 2024 Order and sets forth only those details necessary to resolve the instant Motions for Reconsideration.

[4] *See* S.D. Cal. Gen. Order No. 514-C, available at https://www.casd.uscourts.gov/_assets/pdf/rules/GO_514-C.pdf.

23-CV-481 JLS (AHG)

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (emphasis omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, No. CIV 07-CV-362-L LSP, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007). A party may thus not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters.*, 229 F.3d at 890 (citation omitted). So, "a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

## II. Discussion

The thrust of the Motions for Reconsideration could be summarized in one sentence: Plaintiff disagrees with the Court and disapproves of the laws, rules, and regulations that apply in this case. *See generally* ECF Nos. 80, 80-1. To that end, Plaintiff faults the Court for not "thoroughly investigat[ing]" the "key concerns" raised in his prior filings, ECF No. 80 at 2; characterizes General Order 514-C as misleading and in need of "updat[ing]," *id.* at 6 (capitalization and emphasis altered); and "objects to the [C]ourt's entire ruling" regarding his disqualification request, ECF No. 80-1 at 2. In making these points, Plaintiff primarily recycles previously made arguments that the Court has rejected. This is not the first time Plaintiff has filed such a motion for reconsideration. *See* ECF Nos. 34, 36, 37, 38, 55.

Plaintiff's displeasure does not constitute grounds for reconsideration. *See, e.g.*, *Bradford v. Khamooshian*, No. 3:17-CV-2053-BAS-AHG, 2019 WL 5061316, at *3 (S.D. Cal. Oct. 9, 2019) ("[M]ere disagreement with the Court's decision is not sufficient grounds for reconsideration."); *Gaines v. L. Off. of Patenaude & Felix, A.P.C.*, No. 13-CV-1556-JLS DHB, 2014 WL 3894340, at *2 (S.D. Cal. Aug. 7, 2014) ("[D]issatisfaction with the Court's Order is not grounds for reconsideration."); *Carver v. Hawaii*, No. 23-CV-00611-DKW-RT, 2024 WL 969648, at *1 (D. Haw. Feb. 22, 2024) ("[C]onclusory disagreement is plainly not sufficient grounds for reconsideration."); *Nat'l Credit Union Admin. Bd. v. Desert Best Enters., L.L.C.*, No. CV-13-01138-PHX-SRB, 2013 WL 12190513, at *1 (D. Ariz. Aug. 23, 2013) ("Motions for reconsideration cannot be used to ask the Court 'to rethink what the court has already thought through,' merely because a plaintiff disagrees with the Court's decision." (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998))). The Court has noted this before. *See* ECF No. 39 at 8 ("A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision.").

Nor do Plaintiff's qualms with General Order 514-C and the rules governing sealed case files warrant reconsideration. *See, e.g.*, *Moore v. Greyhound Bus Lines, Inc.*, No. 15-CV-1186-CAB (MDD), 2018 WL 3862007, at *2 (S.D. Cal. Aug. 14, 2018) (explaining plaintiff's "unfamiliarity" with a statute "does not provide grounds for . . . reconsideration"), *aff'd*, 793 F. App'x 595 (9th Cir. 2020). Plaintiff explains that he previously understood General Order 514-C as requiring all social security appeals to be sealed. *See* ECF No. 80 at 4. Plaintiff was mistaken.[5] But, as the Court has noted previously: "Though understandable, Plaintiff's confusion . . . provides no ground for

---

[5] Instead, General Order 514-C, much like Federal Rule of Civil Procedure 5.2, only "exclude[s]" social security cases from "electronic public access." General Order 514-C § 1; *see also* Fed. R. Civ. P. 5.2(c) (stating members of the public may not have "remote electronic access" to the full record of social security case but can access the "full record *at the courthouse*" (emphasis added)).

reconsideration." ECF No. 6. To the extent Plaintiff challenges the validity of General Order 514-C, he strays outside the bounds of a motion for reconsideration.

Moreover, Plaintiff seeks relief that falls outside the scope of the Order at issue. For example, Plaintiff raises a request for appointed counsel, ECF No. 80 at 11, but the Court's prior Order did not touch on that issue. Plaintiff also asks the Court to seal the Administrative Record (ECF Nos. 57, 58), *see id.*, though the Order does not address said filing. If Plaintiff wishes a *specific* document or part of a document sealed, he must file a motion to that effect.[6] The Court cannot reconsider questions not decided.[7]

The only proper bases for reconsideration are newly discovered evidence, clear error, and an intervening change in controlling law. *Wood*, 759 F.3d at 1121. As Plaintiff does not point to any of these elements, the Court **DENIES** his Motions for Reconsideration. Further, as Plaintiff has submitted several reconsideration requests that have been denied for the same reason, Plaintiff is advised that any future motions for reconsideration not premised on the grounds identified above will be summarily denied.

### Objections to Judge Goddard's Order

Plaintiff also objects to Judge Goddard's decision to deny his request for a thirty-day extension of time to file an opposition brief. Pursuant to Federal Rule of Civil

---

[6] To that end, the Court notes that the *generalized* privacy argument contained in the Motions for Reconsideration would not, without more, "meet[] the 'compelling reasons' standard for documents attached to dispositive motions nor the 'good cause' standard for documents attached to non-dispositive motions." *Haworth v. Astrue*, No. EDCV 08-1192SJORC, 2009 WL 1393678, at *1 n.2 (C.D. Cal. May 14, 2009) (quoting *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–87 (9th Cir. 2006)).

[7] Plaintiff also asks for an order directing (1) the Government to redact personal identifying information from the Administrative Record and (2) the Clerk of the Court to inspect the Government's redactions. *See* ECF No. 80 at 11–12. Even were said request proper in this posture, the Court would not grant it. Presumably because such filings are already protected from remote public access, Federal Rule of Civil Procedure 5.2(b)(3) exempts the "record of an administrative or agency proceeding" from the redaction requirements of Rule 5.2(a). Plus, this District's policies make clear that "[t]he Clerk's Office will not review each document for compliance" with rules regarding the "redact[ion]" of "personal identifiers." *See* Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 1(h) (July 22, 2024), available at https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf.

Procedure 72(a), a party may object to a non-dispositive pre-trial order of a magistrate judge within fourteen days after service of the order. As Plaintiff's objection is timely, the Court must "modify or set aside any part of the [MJ Order] that is clearly erroneous or is contrary to law." *Id.* As relevant here, Federal Rule of Civil Procedure 6(b)(1)(A) enables courts to grant extensions of time for "good cause" if the applicable deadline has yet to pass. "Whether to grant an enlargement of time" under Rule 6(b)(1) "is committed to the Court's discretion." *Kelley v. Billings Clinic*, No. CV 12-74-BLG-SEH-CSO, 2014 WL 223377, at *2 (D. Mont. Jan. 21, 2014) (citing *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 974 (9th Cir. 2007)), *report and recommendation adopted*, No. CV 12-74-BLG-SEH, 2014 WL 496948 (D. Mont. Feb. 6, 2014).

The Court will overrule Plaintiff's Objections. The Objections broach issues that do not pertain to the MJ Order.[8] Indeed, at six pages, Plaintiff's Objections are three times longer than Judge Goddard's Order. Setting these extraneous arguments—which the Court declines to address—aside, what remains of the Objections is moot; Plaintiff has already filed the opposition brief at issue in the MJ Order. *See* ECF No. 75. And in any event, upon review, the Court concludes Judge Goddard's decision was neither "clearly erroneous" nor "contrary to law."[9]

/ / /

---

[8] For example, Plaintiff asks the Court to institute a "one action, one order rule" and limit itself to addressing a single motion in each court order. *See* ECF No. 80-1 at 6 (emphasis omitted). Plaintiff makes this request out of concern for his ability to stay abreast of his case, explaining that his "multiple medical issues" make it hard to tackle the "massive workload" a single order can create for him. *See id.* at 3. The Court does not wish to minimize any hardship Plaintiff is experiencing, and the Court assures Plaintiff that it manages its docket with an eye toward securing the just, speedy, and inexpensive determination of the cases before it. *See* Fed. R. Civ. P. 1. The Court certainly does not "lump" motions together in a single order for any nefarious purpose. Instead, the Court addresses multiple issues at once when efficient and practical. Indeed, Plaintiff's proposed rule would make it difficult for the Court to keep up with his prolific filing practices. When Plaintiff feels he requires more time than court deadlines allow, he may move for an extension. Indeed, the Court has granted many such requests in this case. *See* ECF No. 39 at 9; *see generally* ECF Nos. 41, 45, 54.

[9] The fact that Plaintiff has been—and will continue to be—afforded extra time when *appropriate*, *see supra* note 8, does not mean he can secure extensions without establishing good cause.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motions for Reconsideration (ECF Nos. 80, 80-1) and **OVERRULES** Plaintiff's Objections (ECF No. 81). The Court will not entertain any motion to reconsider this Order.

**IT IS SO ORDERED.**

Dated: August 20, 2024

Hon. Janis L. Sammartino
United States District Judge