UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner, Social Security Administration; ERIC V. BENHAM, Administrate Law Judge; LAURA MIDDLETON, Administrative Appeals Judge; MS. KAWANO (full name and title to be ascertained); and DOES 4 to 100,<br><br>                    Defendants. | Case No.: 23-CV-481 JLS (AHG)<br><br>**ORDER DENYING *EX PARTE* EMERGENCY MOTION TO STAY PROCEEDINGS AND APPOINT COUNSEL**<br><br>(ECF No. 85) |

     Presently before the Court is a motion submitted by Plaintiff James Johnson ("Plaintiff") captioned "Emergency Ex Parte Motion to: 1) Stay Proceedings; 2) Compel Wardships to Appear and Provide Legal Counsel to Ward" ("Mot.," ECF No. 85). Plaintiff requests the "immediate issuance and service of subpoenas requiring hearing and appearances of Plaintiff's Financial Wardships"—identified as United States Social Security Administration Commissioner, Martin O'Malley, and California Health and Human Services Agency Secretary, Mark Ghaly—with the purpose of said hearing to "consider a court Order compelling" either one or both "Financial Wardships" to pay all

costs and fees required for securing and maintaining a qualified legal representative for Plaintiff in this instant case. Mot. at 2. Plaintiff also requests the "immediate stay of all proceedings, [and] rulings in this case for 60-days pending the completion of this motion and respective order/s[.]" *Id.* The Court construes this as a motion to appoint counsel and for a stay. Having carefully considered Plaintiff's arguments and the law, the Court **DENIES** Plaintiff's Motion.

The Court has previously denied several of Plaintiff's requests for the appointment of counsel. *See* ECF Nos. 32, 39, 45. In the present Motion, Plaintiff contends he does not seek direct assistance "from the court's 'for profit' pro bono fund reserved only for winning cases but demands assistance from the wardships." Mot. at 7. Plaintiff argues Martin O'Malley and Mark Ghaly must be compelled to provide him with proper legal representation because "a) they are in absolute control of Plaintiff's benefits, hence his ability to not only survive but to hire legal counsel, and b) the government has violated Plaintiff's Rights, the continuation of which will result in the permanent loss of benefits, hence Plaintiff's survival." Mot. at 19. However, Plaintiff's cited cases referencing wardships of American Indians, seamen, children, mentally incompetent individuals, and institutionalized individuals, *id.* at 19–22, do not establish, and Plaintiff does not otherwise support, his contention that he is entitled to an order granting a mistrial and compelling Martin O'Malley and Mark Ghaly to "immediately pay a start retainer of $20,000 to cover the cost of the Ward Plaintiff's legal counsel who will be paid a court-approved hourly, service fee, plus costs, as supervised by the court[.]" *Id.* at 24. Instead, as far as the Court can ascertain, Plaintiff's Motion reasserts the same arguments from his prior motions for counsel in that he is not able to adequately represent himself because he lacks legal training and suffers from disabilities.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, which may only be exercised in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*,

390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017.

Here, all but one claim in Plaintiff's SAC have been dismissed without prejudice and without leave to amend.  *See* ECF No. 51.  While the Court found Plaintiff sufficiently pled a § 405(g) claim, the Court notes the main substantive motions at issue, Plaintiff's Motion for Bifurcation (ECF No. 63) and Defendant Martin O'Malley's Motion to Remand (ECF No. 61), are not particularly complex and have already been briefed by Plaintiff.  Accordingly, the Court does not find exceptional circumstances require appointment of counsel.

The Court understands Plaintiff's request for a stay to be a request to halt proceedings until this Motion is granted and subsequent orders provide him with counsel.  However, as this instant Motion with respect to Plaintiff's request for appointment of counsel is **DENIED** as explained above, the Court **DENIES AS MOOT** Plaintiff's request for stay.  Accordingly, Plaintiff's *Ex Parte* Emergency Motion is **DENIED.**

IT IS SO ORDERED.

Dated:  August 29, 2024

Hon. Janis L. Sammartino
United States District Judge