UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J.,<br><br>                Plaintiff,<br><br>v.<br><br>MICHELLE KING, Acting Commissioner of Social Security,[1]<br><br>                Defendant. | Case No.: 3:23-cv-00481-JLS-AHG<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO REMAND, PLAINTIFF'S MOTION TO BIFURCATE, AND PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**[ECF Nos. 61, 63, 87]** |

Before the Court are three motions:

(1) Defendant Carolyn Colvin's ("Defendant" or "Commissioner") Motion to Remand (ECF No. 61),

(2) Plaintiff James J.'s ("Plaintiff") Motion to Bifurcate (ECF No. 63), and

(3) Plaintiff's Motion for Sanctions (ECF No. 87).

---

[1] Michelle King became the Acting Commissioner of the Social Security Administration on January 20, 2025. Although Plaintiff originally brought this action against Former Commissioner Kilolo Kijakazi, this case may properly proceed against Michelle King pursuant to 42 U.S.C. § 405(g).

1

The undersigned took the motions under submission for a Report and Recommendation without oral argument pursuant to Local Rule 7.1(d)(1). *See* ECF Nos. 84, 90. After a thorough review of the parties' submissions and applicable law, the Court **RECOMMENDS** that the District Judge **GRANT** the Defendant's Motion to Remand, **DENY** Plaintiff's Motion to Bifurcate **as moot**, and **DENY** Plaintiff's Motion for Sanctions.

## I.  DEFENDANT'S MOTION TO REMAND

On July 8, 2024, Defendant filed a Motion for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) ("Motion to Remand"). ECF No. 61. Plaintiff opposes the Motion to Remand. ECF No. 75.

In the Motion to Remand, the Commissioner voluntarily requests that the Court enter judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner and remanding this action for further administrative proceedings. Specifically, the Commissioner states that because "it is not evident from the record that the ALJ considered Plaintiff's June 22, 2022 request to change the time and place of the hearing," the Court should order a new hearing and decision by an administrative law judge under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF No. 61 at 3-4.

Plaintiff opposes the Motion to Remand, arguing that it was "filed for improper purposes," including to cause delay and to perpetrate fraud. ECF No. 75 at 4. Plaintiff's Motion for Sanctions (discussed in more detail below) further fleshes out Plaintiff's arguments in support of his opposition to the Motion to Remand, so the Court will not recount them exhaustively here. Most pertinent, Plaintiff argues that remand would cause further delay in his case, that the evidence he would need to support his claim on remand including witness testimony has already been spoiled by the 12-year delay since he first filed his application, and that the record presently before the Court is sufficient to support the immediate award of benefits rather than a remand for further proceedings. *See id.* at 5-19. Therefore, Plaintiff urges the Court to instead reach the merits of his Title II disability

application rather than remanding for further proceedings. *Id.* at 20-21.

As explained in the Court's Order screening the operative Second Amended Complaint ("SAC"), the Court lacks subject matter jurisdiction over all claims in the SAC except for Plaintiff's § 405(g) claim pertaining to the denial of his application for Title II disability insurance benefits. *See* ECF No. 51 at 11-17. Further, the scope of that claim on appeal is limited to the question of whether the Commissioner erred by dismissing Plaintiff's request for a hearing. *Id.* at 19-21; *see also id.* at 24 n.16.[2] Therefore, the only proper question before the Court is rendered moot by the Commissioner's request to reverse her own decision and remand the case to provide Plaintiff the hearing he was previously denied. For that reason, the Court should grant Defendant's Motion to Remand.

Plaintiff's arguments to the contrary are unavailing. Plaintiff presses the Court to reverse for an immediate award of benefits to avoid further delay in resolving his disability application, but the record and governing law do not support such a result.

First, as explained in the Court's prior screening order, the Court's review is limited to the *procedural* decision made by the ALJ to dismiss Plaintiff's hearing request based on the ALJ's finding that Plaintiff did not show good cause for failing to attend the second hearing on his application. *See* ECF No. 51 at 18-20. Because the Appeals Council vacated

---

[2] The Court acknowledges that in his opposition to the Motion to Remand, Plaintiff objects to the Court's finding in its screening order with the respect to its limited scope of review, on the basis that 42 U.S.C. § 405(g) is "vague and confusing for the common man" and should thus be declared void for vagueness. *Id.* at 23-24. However, the issue of whether 42 U.S.C. § 405(g) is void for vagueness is not squarely before the Court. The Court has already addressed Plaintiff's objections to the order screening the SAC in its Order Denying *Ex Parte* Motion to Vacate or Reconsider Court's May 6, 2024 Order, and declined to overturn any part of that order. ECF No. 56. The analysis in this Report and Recommendation is thus limited to the issues raised in the three motions at hand and does not reopen any issues already decided in the screening order or the order denying reconsideration thereof. Moreover, the Court notes that even if § 405(g) were struck down for vagueness, that would merely have the effect of eliminating the sole waiver of sovereign immunity that allows Plaintiff to bring any claim at all against the Government in connection with his benefits determination; it would not expand the immunity waiver to allow him to bring his additional claims.

the ALJ's first decision and ordered a new hearing, the ALJ's dismissal of Plaintiff's hearing request due to Plaintiff's failure to appear at the second hearing reinstalled the denial of Plaintiff's disability application at the reconsideration level–it did not reinstall the ALJ's unfavorable decision that had been vacated by the Appeals Council. *See* AR 13 (the ALJ's September 28, 2022 decision, which became the Commissioner's final decision on appeal to this Court, stating that Plaintiff's "request for hearing dated December 5, 2014 is dismissed and the determination dated October 9, 2014 remains in effect."). Therefore, the merits of Plaintiff's disability application were never finally decided by the agency and are not before the Court now. The Supreme Court has cautioned lower courts not to decide "a question that has been delegated to an agency if that agency has not first had a chance to address the question. . . . [A] court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Smith v. Berryhill*, 587 U.S. 471, 488 (2019). The Court should follow that directive here.

Indeed, whether the Court even has jurisdiction to review the narrow issue of the ALJ's dismissal of the hearing request after Plaintiff refused to attend the hearing is uncertain and would depend on a finding that Plaintiff has a colorable constitutional due process claim arising from the dismissal. *See Hoye v. Sullivan,* 985 F.2d 990, 991 (9th Cir. 1992) (finding subject matter jurisdiction lacking under § 405(g) where a social security disability claimant refused to attend his hearing at the agency level due to his belief that the ALJ was biased, because "[b]y refusing to attend the hearing, [the plaintiff] waived his opportunity for a hearing and he failed to exhaust the administrative remedy upon which judicial review depends"); *Kinsley v. Comm'r of Social Security*, No. 2:19-CV-00991-BAT, 2019 WL 4858794, at *2-3 (W.D. Wash. Oct. 2, 2019) (applying *Hoye* to find no subject matter jurisdiction where the plaintiff failed to appear for the hearing at the agency level and established no exception to the exhaustion requirement); *cf. Crumble v. Sec'y of Health & Hum. Servs.*, 586 F. Supp. 57, 60 n.3 (E.D.N.Y. 1984) (declining to apply a "literal reading" of § 405(g)'s requirement that there be an administrative hearing prior to

judicial review, reasoning that the absence of any administrative procedures for hearing a claimant's explanations for failing to appear should be "interpreted as a waiver of a hearing for the limited purpose of establishing § 405 jurisdiction on the 'good cause' issue"); *Counts v. Comm'r of Social Security*, No. 6:09-CV-2157-ORL, 2010 WL 5174498, at *4–5 (M.D. Fla. Dec. 15, 2010) (following the approach of the *Crumble* court to find a limited grant of subject matter jurisdiction under § 405(g) to address whether the Social Security agency properly dismissed the plaintiff's hearing request as untimely, but not addressing the merits of the plaintiff's underlying disability application).

    Second, as outlined in Plaintiff's SAC, one of Plaintiff's key frustrations with how the agency handled his disability application is that the ALJ did not consider the new evidence he submitted prior to the first hearing, including a comprehensive "Consultative Exam Report" compiled by his treating physician "Dr. T," as well as "numerous other prehearing submissions;" nor did the ALJ address other various pre-hearing requests such as requests for subpoenas and for his physicians to appear telephonically as witnesses at the hearing. *See* ECF No. 46 ¶¶ 91-115. In his opposition to the Motion to Remand, Plaintiff refers to the agency's exclusion of such evidence as creating "an incomplete and false record absent all of Plaintiff's key testimony" and characterizes the agency's actions in previously dismissing his hearing request, only to now request remand for an administrative hearing, as "foul play" and "the engineering of fraud through the creation of a false record built on the victories of Defendants' willful protractions and 'spoliations.'" ECF No. 75 at 4. Plaintiff thus argues "[t]here is no genuine need for a hearing when the case laws point to an expedited solution, when all the witness testimony needed by Plaintiff has been 'spoiled' forever by the willfully intended protractions of the Defendants[.]" *Id.* at 5.

    Plaintiff's complaints regarding the record only further bolster the point that remanding for an immediate award of benefits would be improper. That is, Plaintiff insists that the record below is "incomplete and false" and missing "key testimony" because of the ALJ's failure to consider or issue subpoenas to obtain certain evidence. ECF No. 75 at

4. But the Court cannot remand a case for the immediate award of benefits unless—among other requirements—"the record has been fully developed and further administrative proceedings would serve no useful purpose[.]" *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). *See also Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made"). As Plaintiff himself argues, the record is not fully developed here because Plaintiff submitted evidence to the ALJ below and made requests for subpoenas for documents and witnesses that the ALJ failed to consider before issuing his first decision. Indeed, the Appeals Council specifically vacated the ALJ's opinion *because* the ALJ failed to address Plaintiff's pre-hearing submission of an amended disability onset date and subpoena requests. AR 138-139. The Ninth Circuit has made clear that remand for further administrative proceedings is proper where, as here, the claimant's disability onset date is in question. *Dettlo v. Barnhart*, 227 F. App'x 650, 650-51 (9th Cir. 2007); *see also Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003) (noting that the "timing and duration of [a claimant's] disability" is an outstanding issue warranting remand for further proceedings); *Terry v. Astrue*, No. 10-CV-0720-PHX-GMS, 2011 WL 1641768, at *2-3 (D. Ariz. May 2, 2011) (finding that remand for further factual proceedings is the appropriate remedy where a claimant has submitted an amended alleged disability onset date because that issue is material to the disability determination). Therefore, even setting aside the fundamental problem that the Court does not have subject matter jurisdiction to address the merits of Plaintiff's disability application, remand for an immediate award of benefits would be inappropriate in any event due to the disputed record.[3] On remand, the ALJ will be able to further develop

---

[3] In the Motion to Remand, Plaintiff argues that, by failing to file an answer, Defendants have waived all defenses to the SAC and "agree to[] the fact Plaintiff has met his burden of proof for all claims listed in the SAC, Part A[.]" ECF No. 75 at 6. However, Rule 4 of the Supplemental Rules of Social Security Actions supplants the requirements of Rule 8 of the Federal Rules of Civil Procedure and specifies that in Social Security actions, "[a]n answer may be limited to a certified copy of the administrative record, and to any

Plaintiff's alleged disability onset date and consider disability from that date as well as address Plaintiff's subpoena requests for documents and witnesses, as the Appeals Council previously ordered the ALJ to do after vacating the ALJ's 2017 decision. AR 138-39.

Finally, the cases on which Plaintiff relies to highlight the injustice of the long delay in his case do not support a remand for an immediate award of benefits. For example, Plaintiff cites repeatedly to *White v. Mathews*, in which the Second Circuit upheld the lower court's issuance of a writ of mandamus under 28 U.S.C. § 1361 to compel the Social Security agency to follow a specific schedule to reduce the maximum delay between a request for hearing and a final decision by an ALJ to 120 days, and to automatically award interim benefits to claimants who are made to wait longer until a decision on their disability application is rendered. 559 F.2d 852, 855, 858-61 (2d Cir. 1977). Although that case deals with what constitutes a "reasonable delay" before the agency hears a disability application, it does not stand for the proposition that remand for an award for immediate award of benefits is appropriate any time the claimant has faced an unreasonable delay in having his disability application heard. Rather, the federal court fashioned a mandamus remedy to ensure claimants obtained disability hearings within a reasonable time. It did not eliminate the hearing requirement altogether. Similarly, the Ninth Circuit in *Garrison v. Colvin* did not rule that the need for a "speedy resolution of disability applicants' claims" justifies remand for an immediate award of benefits in all cases where a lengthy delay exists. Rather, the *Garrison* court recited the familiar three-part test for the credit-as-true rule, "each part of which must be satisfied" before the Court can remand for an immediate award of benefits:

> (1) the record has been fully developed and further administrative proceedings

---

affirmative defenses under Civil Rule 8(c). Rule 8(b) does not apply." Fed. R. Civ. P., Supp. R. 4 of Soc. Sec. Actions under 42 U.S.C. § 405(g). Therefore, Defendant was not required to admit or deny the allegations in the SAC under Rule 8(b) and has not effectively admitted to the allegations by failing to deny them. Plaintiff's reliance on Defendant's lack of a formal answer to the SAC to insist the Court should treat all allegations therein as true is thus misplaced.

|   |   |
|---|---|
| 1 | would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. |

*Garrison*, 759 F.3d at 1020 (citations omitted). As already discussed, the first part of the test is not met here. Plaintiff also emphasizes a parenthetical description of the Ninth Circuit's decision in *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) as "reversing the denial of disability benefits where the ALJ failed in his duty to fully and fairly develop the record." ECF No. 75 at 7, 17 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). Again, *Celaya* does not stand for the proposition that the Court should reverse for an immediate award of benefits where the ALJ failed to fully and fairly develop the record. There, the Ninth Circuit directed the district court to remand the case to the ALJ with specific instructions to develop the record regarding the plaintiff's obesity and to engage in an analysis "that culminates in reviewable, on-the-record findings." 332 F.3d at 1183. In other words, because the record was not complete, the proper remedy was to remand for further administrative proceedings and analysis on a supplemented record—not to remand for an immediate award of benefits.

For these reasons, although the Court is sympathetic to Plaintiff's frustrations regarding the long delay in the resolution of his benefits application, granting Defendant's motion to remand for further proceedings is appropriate. The Court recommends the Motion to Remand be **GRANTED** and this case be remanded to the agency for a new hearing before a new ALJ under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and that a final judgment be entered in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner.

## II.     PLAINTIFF'S MOTION TO BIFURCATE

In a separate Motion to Bifurcate Claims ("Motion to Bifurcate") (ECF No. 63), Plaintiff asks the Court to bifurcate the claims brought in "Part A" of his SAC—that is, his disability claims arising under 42 U.S.C. § 405(g)—from the claims raised in Parts B – E

1  of the SAC, which the Court dismissed without leave to amend in its screening order for
2  lack of subject matter jurisdiction. *See* ECF No. 51 at 24. Plaintiff explains that he seeks to
3  bifurcate his claims so that he can immediately appeal the Court's dismissal of the other
4  claims in his SAC without waiting for a decision on the Motion to Remand concerning the
5  § 405(g) claims. ECF No. 63 at 5-7. In particular, Plaintiff notes that he is uncertain whether
6  he needs to wait to appeal the screening order "until the entire case is completed," or
7  whether he might lose his opportunity to appeal the dismissal of the claims raised in Parts
8  B – E of the SAC if he does not do so within 60 days of the Court's denial of reconsideration
9  of the screening order. ECF No. 63 at 6 n.2. Thus, Plaintiff explains he is "simply err[]ing
10 to the conservative side" by seeking to bifurcate the claims and asks the Court to "order
11 whatever is necessary to expedite the appeal process for the Part B to E claims, regardless
12 of the Part A claims disposition in the case." *Id.* n.3.

13      Importantly, at the time Plaintiff filed the Motion to Bifurcate on July 15, 2024, he
14 had not yet appealed the Court's screening order dismissing his claims in Parts B – E of
15 the SAC. Plaintiff indicated in the Motion to Bifurcate that he believed he had only 60 days
16 from the date of the Court's denial of his motion for reconsideration on the screening
17 order—i.e., until August 12, 2024—to file an appeal on the dismissal of those claims, and
18 that he thought the appeal would take "many months (usually a year or more) to conclude."
19 ECF No. 63 at 6-7. After filing the Motion to Bifurcate, Plaintiff appealed that screening
20 order on August 5, 2024. ECF No. 74. On August 29, 2024, the Court of Appeals found
21 that it lacked jurisdiction over the appeal because the order challenged was not final or
22 appealable. ECF No. 89. *See also* 28 U.S.C. § 1291 (explaining that the courts of appeal
23 have jurisdiction over "final decisions of the district courts"); Fed. R. Civ. P. 54(b)
24 (explaining that any order by a district court adjudicating fewer than all the claims in a case
25 is not a final decision, although the court may direct entry of a final judgment as to fewer
26 than all the claims "only if the court expressly determines that there is no just reason for
27 delay.").

28      The Court must construe *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007). Therefore, although Plaintiff styles his motion as a "motion to bifurcate," considering the rationale underlying the request, the Court should construe it as a motion to certify Plaintiff's claims in Parts B – E of the SAC as immediately appealable under Rule 54(b). That is, Plaintiff's reason for seeking to bifurcate the claims at the time he filed the Motion to Bifurcate was to ensure that he could timely appeal the Court's dismissal of the claims in Parts B – E of the SAC without forfeiting the opportunity to appeal any decision on the 405(g) claims in Part A. Moreover, he erroneously believed the 60-day appeal period for the dismissal of the claims in Parts B – E of the SAC had already begun to run as soon as the Court denied his motion to reconsider the screening order. ECF No. 63 at 6. Therefore, it appears to the undersigned that, by moving to bifurcate, Plaintiff was seeking a solution that would allow him to immediately appeal the claims in Parts B – E of the SAC without hindering his pursuit of benefits under the remaining § 405(g) claim before this Court. Such a remedy would fit under a motion to certify the dismissed claims for immediate appeal under Rule 54(b).

Construing Plaintiff's motion as a motion to certify the dismissed claims for immediate appeal under Rule 54(b), and assuming the Court follows the above recommendation to grant Defendant's Motion to Remand, the Court should deny the Motion to Bifurcate as moot on the basis that all claims in the SAC will become immediately appealable upon the Court's entry of a final judgment remanding Plaintiff's disability claims to the agency for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-02 (1991) (explaining that a remand order under sentence four of § 405(g) must be accompanied by a "final judgment" triggering the beginning of the appeal period). Accordingly, Plaintiff will not need to bifurcate the claims in the SAC in order to appeal both the Court's order remanding his § 405(g) claims and its order dismissing his other claims immediately upon the Court's remand and entry of judgment.

Notwithstanding the above recommendation, the Court notes that separate and apart from his desire to expedite the appeals process for the claims in Parts B – E of the SAC, Plaintiff also expresses a desire to avoid the "Part A portion of the case" from becoming

"encumbered by a shift of jurisdiction to the 9th Circuit Court and then becom[ing] subject to that lengthy appeal process." ECF No. 63 at 8. If Plaintiff does not intend to appeal any order remanding his disability claims to the agency level because he wishes to expedite the administrative process below, but he still wishes to appeal the dismissal of his other claims, the above construction of Plaintiff's Motion to Bifurcate as a motion to certify the claims in Parts B – E of the SAC for immediate appeal may not fully capture the relief Plaintiff seeks. However, even in that case, the undersigned would still recommend the Motion to Bifurcate be denied. Although the Federal Rules of Civil Procedure permit bifurcation of claims to be heard in separate trials, *see* Fed. R. Civ. P. 42(b), there is no clear mechanism under the Federal Rules to bifurcate Plaintiff's claims in the way Plaintiff requests—i.e., to allow one set of claims in a complaint to be appealed while another claim in the same action is remanded to the agency—outside of Rule 54(b). Thus, to the extent Plaintiff is requesting the Court certify Parts B – E for appeal under Rule 54(b) while Plaintiff pursues his § 405(g) claim on remand without appealing the Court's order remanding that claim, that request should be denied.

Rule 54(b) instructs the Court that it may direct entry of a final judgment as to "one or more, but fewer than all, claims" in a case "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In making that determination, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The decision whether to certify is left to the sound judicial discretion of the district court, and the discretion must be exercised "in the interest of sound judicial administration." *Id.* at 10 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). Some of the relevant factors a court may consider in reaching this determination include (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated are separate, distinct, and independent of any of the other claims or counterclaims involved; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; and (4) whether the nature of the claims is such that no appellate court would

have to decide the same issues more than once even if there were subsequent appeals. *Curtiss-Wright*, 446 U.S. at 5-6. Here, the Court need look no further than the first of these factors to determine that certifying Plaintiff's dismissed claims in Parts B – E of the SAC for immediate appeal is not in the interest of sound judicial administration. As thoroughly discussed by the Court in its previous screening order, the federal court lacks subject matter jurisdiction over those claims, and they are unlikely to be revived by the Court of Appeals. *See, e.g.*, *Henderson v. Colvin*, No. 6:14-CV-1053-PA, 2015 WL 6598713, at *1-2 (D. Or. Oct. 29, 2015) (finding that the federal court lacked subject matter jurisdiction over a *pro se* plaintiff's claims for defamation, disability discrimination, and denial of subsidized housing that she brought in conjunction with her appeal of the Commissioner's denial of her disability benefits application because they did not fall within the limited carve-out of sovereign immunity provided in 42 U.S.C. § 405(g)). Certification would thus result in unnecessary appellate review.

To be clear, Plaintiff will still have the opportunity to appeal the Court's dismissal of the claims raised in Parts B – E of the SAC and may do so immediately upon the entry of final judgment in this action. But Plaintiff has not established a basis for the Court to find that those claims should be certified for appeal separately from Plaintiff's disability claim arising under § 405(g) while it is on remand at the agency level. Nor has Plaintiff established any other legal basis to bifurcate his claims. Therefore, the Motion to Bifurcate should be **DENIED**.

### III. PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff has also filed a separate Motion for Sanctions against the Commissioner under Rule 11 of the Federal Rules of Civil Procedure and Civil Local Rule 83.1 in response to Defendant's Motion to Remand. ECF No. 87. Plaintiff notes that the Appeals Council already ordered a new hearing in October 2018, and has yet to comply with that order, and he contends Defendant's true goal is to "engineer a faux record devoid of key evidence in order to affect fraudulent denial of federal benefits" on remand. *Id.* at 5. Plaintiff believes Defendant's failure to file a "defensive Answer[]" in response to his SAC

operates as a "locked-in affirmation" all of his Section 405(g) claims and estops the agency from challenging any of Plaintiff's evidence, including the Consultative Exam Report submitted by his treating physician, and thus "a new hearing would serve no purpose because Plaintiff has met his burden of proof." *Id.* at 7. Therefore, on the basis that Defendant's attorneys should also recognize these purported facts, Plaintiff characterizes the Motion to Remand as "frivolous and abusive," and calls for "an official court inquiry, if not a full disbarment action" against each of the defense attorneys. *Id.* Plaintiff also reasserts his complaints raised in the Opposition to the Motion to Remand regarding the years-long delay of his case and details a number of grievances from over the course of his claim since he first applied for disability in May 2012, including conduct by the ALJ in withholding rulings on his subpoena requests and attempting to force him to appear for a hearing in a "Covid sick building," which Plaintiff characterizes as an "attempted murder" scheme by the agency. *Id.* at 6-9. Based on these allegations, Plaintiff argues Defendant filed the Motion to Remand for an improper purpose–namely, abuse, delay, and to increase costs–and without evidentiary or legal support, in violation of Rule 11. *Id.* at 15-18.

In addition to his allegations of willful conduct on the part of Defendant and defense counsel supporting his request for Rule 11 sanctions, Plaintiff laments that key evidence such as witness testimony from his physicians has now been "spoiled" due to the passage of time, and presents a separate spoliation argument under Fed. R. Civ. P. 37 and related caselaw. *Id.* at 9-15.

**A. Applicable Legal Standards**

Rule 11(b)(1) authorizes the court to impose sanctions for a pleading, written motion, or other paper presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b)(1). If a court finds that a motion or paper, other than a complaint, is filed in the context of a persistent pattern of clearly abusive litigation activity, it will be deemed to have been filed for an improper purpose and sanctionable. *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988). The conduct forming the basis of the moving

party's charge of harassment "must do more than in fact bother, annoy or vex the complaining party." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831-32 (9th Cir. 1986). That is, application of the Rule is based on an objective, not subjective, standard, focusing on "the improper purpose of the signer, objectively tested, rather than the consequences of the signer's act, subjectively viewed by the signer's opponent." *Id.* at 832. "Rule 11 sanctions should be applied if a competent attorney, after reasonable inquiry, would not have a good faith belief in the merit of a legal argument." *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir. 1991). The Ninth Circuit has cautioned that, because "our system of litigation *is* an adversary one," courts "should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001) (emphasis in original). Therefore, the type of conduct properly addressed by Rule 11 sanctions is limited to "litigation tactics so vexatious as to be unjustifiable even within the broad bounds of our adversarial system, and that neither the other parties nor the courts should have to abide such behavior or waste time and money coping with it." *Id.*

Spoliation sanctions are governed by Rule 37(e) of the Federal Rules of Civil Procedure, which provides as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> > (A) presume that the lost information was unfavorable to the party;
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> > (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). A party moving for spoliation sanctions bears "the burden of

establishing spoliation by demonstrating that [the non-moving party] destroyed documents and had some notice that the documents were potentially relevant to the litigation before they were destroyed." *Harfouche v. Wehbe*, 705 F. App'x 589, 590 (9th Cir. 2017) (quoting *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 2015)). *See also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).

If the moving party cannot show that the non-moving party acted with "intent to deprive" another party of the information but otherwise establishes that the evidence was lost because the non-moving party failed to take reasonable steps to preserve it, the subparagraph applies only "upon finding prejudice" to another party from the loss of information. Fed. R. Civ. P. 37(e)(1). "The Court has discretion to determine whether the loss of the information is prejudicial; neither party carries a burden of proving or disproving prejudice." *Hernandez v. Tulare Cty. Corr. Ctr.*, No. 116CV00413EPGPC, 2018 WL 784287, at *4 (E.D. Cal. Feb. 8, 2018) (quoting Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment). The Court's evaluation of whether the loss of the information was prejudicial depends in part on the importance of the information to the case. *Id.* Further, upon a finding of prejudice, the Court may issue a sanction "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

**B. Discussion**

The Court will address Plaintiff's request for Rule 11 sanctions before turning to his spoliation argument under Rule 37.

*Rule 11 Sanctions*

As discussed above, remand for further proceedings is the appropriate remedy in this case to allow Plaintiff the opportunity to be heard on the merits of his disability application. Although Plaintiff outlines years' worth of grievances regarding how his case was handled at the agency level, as Plaintiff's case stands on appeal, it has been diminished to a mere procedural question of whether his hearing request was dismissed properly. Therefore, the majority of the issues raised in Plaintiff's Motion for Sanctions and Opposition to the Motion to Remand are simply not relevant to the Court's determination. The Court

recognizes that Plaintiff wishes for the merits of his case to be heard in federal court now, but there is a jurisdictional bar that no amount of forceful language about delay and injustice can overcome. Not every injustice has a legal avenue in this Court–a court of limited jurisdiction that is especially limited in its authority to address claims made against the United States or its agencies.

Because remand for a new hearing before a new ALJ is the best remedy available to Plaintiff in this Court, there is no basis to find that Defendant's request for a new hearing is frivolous or done for an improper purpose, as required to justify Rule 11 sanctions. Indeed, although Plaintiff does not view it as such, a remand is not only a ruling in his favor but constitutes the best possible outcome for him given the posture of the case and the limits of this Court's jurisdiction. Rule 11 sanctions against the Commissioner for seeking a voluntary remand under sentence four and requesting a judgment in Plaintiff's favor are entirely unwarranted.

*Spoliation Sanctions*

Plaintiff has also failed to meet his burden to obtain spoliation sanctions under Rule 37. The evidence Plaintiff argues is spoiled includes testimony from agency witnesses to whom Plaintiff directed subpoena requests in 2018, as well as testimony from Plaintiff's own witnesses whom he wished to call at the hearing. ECF No. 87 at 10-15. *See also* AR 210-221 (Plaintiff's subpoena requests seeking evidence and testimony from agency witness Don Chobanian and State DDS witness J. Robinson, who were involved in adjudicating Plaintiff's disability claims at the initial level). Plaintiff submitted those subpoena requests in December 2016, and the ALJ denied them on August 16, 2022. AR 210-221; AR 522-23.

Relevant to Plaintiff's claims here, although Rule 37(e) deals with ESI evidence, this Court has explained that "destruction of non-ESI evidence as a result of [] repeated discovery misconduct and delay[,]" including tactical delays resulting in the loss or impairment of witnesses' memories, can suffice to establish prejudice in support of spoliation sanctions. *CrossFit, Inc. v. Nat'l Strength and Conditioning Ass'n*, No. 14-CV-

1191 JLS (KSC), 2019 WL 6527951, at *18 (S.D. Cal. Dec. 4, 2019). *But see Johnson v. Bonner Cnty.*, No. 2:18-CV-00244-DCN, 2021 WL 5828025, at *9 (D. Idaho Dec. 8, 2021) ("Memories are not physical evidence that can be spoliated"). For purposes of addressing Plaintiff's motion, the Court assumes without deciding that discovery misconduct resulting in the loss of evidence in the form of witnesses' memories could support the imposition of spoliation sanctions under certain circumstances. However, Plaintiff has failed to show discovery misconduct on the part of Defendant justifying the imposition of spoliation sanctions.

As outlined in the Commissioner's Opposition to the Motion for Sanctions, the delay of Plaintiff's case was not solely the result of bureaucratic delays on the part of the agency. Plaintiff also requested several extensions of time to submit evidence to the Appeals Council after the ALJ's first decision. Following the Appeals Council's order vacating the ALJ's decision and ordering a new hearing, Plaintiff requested that the hearing be rescheduled or postponed no less than five times and repeatedly objected to the hearing notices throughout 2021 and 2022, initially on the basis that he refused to attend a telephonic hearing and later because he refused to appear in front of the specific ALJ and in the specific venue that he accused of bias and criminal conspiracy against him. *See* ECF No. 93 at 4-5 (citing to AR 222; 225-26, 232-33, 243-44; 279; 403; 494; 35-50; 1248-49; 1250; 1260-65; 1275-76; 1280-86; 1286-89). Therefore, to the extent the passage of time in this case has served to render any evidence unavailable, both parties bear some responsibility for it.

More importantly, as the moving party, Plaintiff bears the burden of showing that the agency failed to preserve evidence or destroyed it. Plaintiff does not point to any specific evidence that was either destroyed, or that the agency had in its custody and control but failed to preserve. Plaintiff argues that after the passage of twelve years since he filed his disability application, "there cannot be anything but an irreparably spoiled witness testimony pool; they know Plaintiff has permanently lost all State DDS, Agency, and Plaintiff's witnesses and cannot even testify on his own behalf–all due to the

'unconscionable' Agency-forced delays that resulted in the 'memory-erosion' or 'gone missing' factor for all witnesses involved." ECF No. 87 at 15. But even assuming that the loss of the testimony of the state agency witnesses regarding the decisions they made on Plaintiff's disability application could amount to the spoliation of evidence, their testimony is not sufficiently important to the disability determination to establish prejudice. As explained by the ALJ in his denial of Plaintiff's subpoena requests, "the evidence and cross-examination of any witness is not required for a full presentation of this case" because the matter before the ALJ "is limited to whether the claimant was disabled before his date last insured which is 12/31/2010" and Plaintiff's subpoena requests "demand documentation, and the presence and testimony of individuals that are unable to provide relevant testimony to this issue[.]" AR 522-23. Although Plaintiff may disagree with the ALJ's finding as to the importance of the evidence he sought in his subpoenas, the denial of his subpoena requests and the passage of time since does not equate to destruction of evidence. And, to the extent Plaintiff argues that he can no longer call his own witnesses at the hearing on remand, the Court finds that the existence of treatment records and other written evidence from Plaintiff's treating physicians mitigates any loss of live in-person testimony from his physicians. For example, Plaintiff still has the Consultative Exam Report compiled by his treating physician that preserves the evidence from the relevant time period during which Plaintiff alleges disability.

In short, Plaintiff has failed to show that Defendant has acted with the intent to deprive him of any evidence, and there is no basis to find that the passage of time in his case has resulted in the loss of evidence in a way that otherwise prejudices Plaintiff. Even if the delay in hearing Plaintiff's disability application were entirely the fault of the agency, the mere passage of time is not equivalent to the destruction of or failure to preserve evidence within the agency's custody and control. Accordingly, Plaintiff does not meet his burden to show Rule 37 sanctions are warranted.

For these reasons, the Motion for Sanctions should be denied in its entirety.

## IV. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Janis L. Sammartino under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(a) of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order:

(1) approving and adopting this Report and Recommendation;

(2) **GRANTING** Defendant's Motion to Remand (ECF No. 61), remanding this case for a new hearing before a new ALJ under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and entering a final judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner;

(3) **DENYING** Plaintiff's Motion to Bifurcate (ECF No. 63); and

(4) **DENYING** Plaintiff's Motion for Sanctions (ECF No. 87).

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **March 3, 2025**. The document should be captioned "Objections to Report and Recommendation."

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Yist*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: February 14, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge