UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner, Social Security Administration; ERIC V. BENHAM, Administrate Law Judge; LAURA MIDDLETON, Administrative Appeals Judge; MS. KAWANO (full name and title to be ascertained); and DOES 4 to 100,<br><br>  Defendants. | Case No.: 23-CV-481 JLS (AHG)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S *EX PARTE* MOTION TO STAY CASE 60-DAYS; AND**<br><br>**(2) GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION**<br><br>(ECF No. 104) |

 Presently before the Court is Plaintiff James Johnson's ("Plaintiff") *Ex Parte* Motion to Delay Proceedings 60-Days ("Mot.," ECF No. 104). Plaintiff indicates he is suffering from several medical issues that make it so he cannot reasonably defend himself in this case. Mot. at 5. Per Plaintiff, the deadline for objections to the Report and Recommendation issued by Magistrate Judge Allison H. Goddard, of March 3, 2025, presents "a genuine hardship" for him. *Id.* at 6.

 Further, he alleges "this case is probably going to be investigated root, branch, and leaf in the administrative and judicial realm thanks, in part, to [Plaintiff's] efforts in alerting

Ms[.] Wiles, Mr[.] Trump, Mr[.] Musk, Mr[.] Miller, and Ms[.] Bondi to the need to investigate Social Security.[]" *Id.* at 7. Therefore, Plaintiff requests the Court order a "temporary cessation of all activities . . . to allow for Plaintiff's recovery and to allow the new Commissioner an opportunity to review the case, potentially agree to an award of Title II benefits, and/or agree to pay for Plaintiff's legal counsel under the agency's Wardship duties to its Financial Wards so the agency is legally insulated." *Id.* at 7–8.

The relevant considerations in assessing a motion to stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Hoffmann v. Price*, No. 2:15-CV-1527 DB P, 2019 WL 498991, at *3 (E.D. Cal. Feb. 8, 2019) (*Nken*, 556 U.S. at 433–34). Plaintiff does not address these factors and the Court finds he has not carried his burden. However, the Court is mindful of Plaintiff's allegations of poor health and purported difficulty meeting the deadline for objections to Magistrate Judge Goddard's Report and Recommendation (ECF No. 103). Thus, to the extent Plaintiff seeks to extend such deadline, he has shown good cause for such extension.

Accordingly, the Court **DENIES** Plaintiff's Motion to Stay Proceedings 60-Days (ECF No. 104), but **GRANTS** Plaintiff an extension of time to file objections to Magistrate Judge Goddard's Report and Recommendation (ECF No. 103).

Thus, Plaintiff **MAY** file written objections with the Court and serve a copy on all parties no later than **60 days from the date of this Order**.

The document should be captioned "Objections to Report and Recommendation." Plaintiff is reminded that failure to file objections within the specified time may waive the

///
///
///

right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Yist*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: March 3, 2025

Hon. Janis L. Sammartino
United States District Judge