UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J.,[1]<br><br>        Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[2]<br><br>        Defendants. | Case No.: 23-CV-481 JLS (AHG)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT & RECOMMENDATION;**<br><br>**(2) OVERRULING PLAINTIFF'S OBJECTIONS;**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;**<br><br>**(4) GRANTING DEFENDANT'S MOTION TO REMAND;**<br><br>**(5) DENYING PLAINTIFF'S MOTION TO BIFURCATE; AND** |

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases arising under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Frank Bisignano became the Acting Commissioner of Social Security in May 2025. Although Plaintiff originally brought this action against Former Commissioner Kilolo Kijakazi, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as Defendant in this suit



**(6) DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

(ECF Nos. 61, 63, 87, 103, 106, 107, 108, 109, 112)

Presently before the Court are Defendant Frank Bisignano's ("Defendant" or "Commissioner") Motion to Remand ("Remand Mot.," ECF No. 61), Plaintiff James J.'s ("Plaintiff") Motion to Bifurcate ("Bifurcate Mot.," ECF No. 63), and Plaintiff's Motion for Sanctions ("Sanctions Mot.," ECF No. 87). Magistrate Judge Allison H. Goddard submitted a Report and Recommendation ("R&R," ECF No. 103) recommending the Court grant Defendant's Motion to Remand, deny Plaintiff's Motion to Bifurcate as moot, and deny Plaintiff's Motion for Sanctions. Plaintiff then filed three Objections to the R&R ("Remand Objs.," ECF No. 106) ("Bifurcate Objs.," ECF No. 107) ("Sanctions Objs.," ECF No. 108). Defendant subsequently filed a Response to Plaintiff's Objections. ECF No. 110. Then, Plaintiff filed Amended Objections to the R&R ("Amended Objs," ECF No. 112).

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action against the Commissioner of the Social Security Administration (the "SSA" or "Agency"), on March 16, 2023. *See* ECF No. 1. Plaintiff moved for leave to proceed *in forma pauperis* ("IFP") and for the appointment of counsel the same day. *See* ECF Nos. 2, 3. Though Plaintiff styled his suit as a social security matter brought under 42 U.S.C. § 405(g), he also asserted several other causes of action. *See* ECF Nos. 1, 1-2. Plaintiff then filed a myriad of additional motions. *See* ECF Nos. 4, 6, 13, 14, 17, 20, 22, 26.

On May 31, 2023, Plaintiff filed his First Amended Complaint ("FAC," ECF No. 23). Before the FAC could be screened—or any pending motions could be ruled on—this case was low-numbered to the undersigned in accordance with Civil Local Rule 40.1.g

1  due to commonalities between this matter and a previously filed case: *Johnson v. Saul*, 20-
2  CV-747 JLS (AHG). *See* ECF No. 31.

3  On September 7, 2023, this Court granted Plaintiff's Motion to Proceed IFP but
4  dismissed the FAC without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to
5  comply with Federal Rule of Civil Procedure 8. *See generally* ECF No. 32. The Court
6  explained that the 1,148-page pleading was so unwieldly that "further screening of
7  Plaintiff's FAC on the merits would be a waste of judicial resources." *Id.* at 20. The Court
8  granted Plaintiff sixty days in which to file a second amended complaint, but also cautioned
9  Plaintiff against refiling "a similarly opaque and overlong amended complaint" in the
10 future. *Id.* at 20–21.

11 After twice requesting—and receiving—extensions of time, *see* ECF Nos. 40, 41,
12 43, 45, Plaintiff filed his Second Amended Complaint on March 11, 2024 ("SAC," ECF
13 No. 46). The SAC, among other things, brought a § 405(g) claim challenging the ALJ's
14 September 28, 2022 dismissal of Plaintiff's hearing request for failure to appear, as made
15 binding when the Appeals Council denied review in a notice dated January 11, 2023. *See*
16 SAC ¶¶ 216, 218. The Court subsequently dismissed without prejudice and without leave
17 to amend all claims for relief in the SAC for lack of subject matter jurisdiction pursuant to
18 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) except for Plaintiff's 42 U.S.C. § 405(g) action for
19 judicial review of the Commissioner's final decision declining to excuse Plaintiff's failure
20 to appear at the August 9, 2022 hearing. ECF No. 51 ("SAC Order") at 24. The case was
21 then referred to Magistrate Judge Goddard for Report and Recommendation pursuant to
22 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. ECF No. 52.

23 Thereafter, Plaintiff filed more *ex parte* motions. ECF Nos. 50, 53, 55, 59, 60.
24 Defendant subsequently filed the Administrative Record ("AR"). ECF Nos. 57, 58. On
25 July 8, 2024, Defendant filed its Motion for Voluntary Remand Pursuant to Sentence Four
26 of 42 U.S.C. § 405(g). *See* Remand Mot. Plaintiff then filed a Motion to Bifurcate Claims.
27 *See* Bifurcate Mot. Plaintiff next filed his Opposition to Defendant's Motion ("Remand
28 Opp'n," ECF No. 75), and a flurry of other *ex parte* motions, *see* ECF Nos. 66, 80, 81, 85,

86. On August 28, 2024, Plaintiff filed a Motion for Sanctions, *see* Sanctions Mot., followed by more *ex parte* motions, *see* ECF Nos. 96, 97, 100. Defendant filed an Opposition to Plaintiff's Motion for Sanctions, *see* ECF No. 93, to which Plaintiff filed a Reply, *see* ECF No. 95.

Magistrate Judge Goddard issued her Report and Recommendation on February 14, 2025. *See* R&R. Plaintiff subsequently filed an *Ex Parte* Motion to Delay Proceedings to allow him time to file objections, *see* ECF No. 104, which the Court construed as a request for an extension of time, and granted Plaintiff sixty (60) days to file his objections, *see* ECF No. 105. Apparently not receiving or reviewing the Court's Order in time, Plaintiff filed his Objections the next day, *see* ECF Nos. 106, 107, 108, along with a Request for Judicial Notice, *see* ECF No. 109. Defendant filed a Reply on March 3, 2025, and on May 1, 2025, Plaintiff filed Amended Objections to the R&R ("Amend Objs.," ECF No. 112).

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

**I.      Motion to Remand**

In the Motion to Remand, Defendant voluntarily requests that the Court enter judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner and remanding this action for further administrative proceedings.

Specifically, the Commissioner states that, because "it is not evident from the record that the ALJ considered Plaintiff's June 22, 2022 request to change the time and place of the hearing," the Court should order a new hearing and decision by an administrative law judge under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Remand Mot. at 3–4. Plaintiff opposes the Motion to Remand, arguing it was "filed for improper purposes," including to cause delay and perpetrate fraud. Remand Opp'n at 4. Plaintiff argues the Court should instead reach the merits of his Title II disability application rather than remanding for further proceedings. *Id.* at 20–21.

Magistrate Judge Goddard recommends granting Defendant's Motion to Remand as the scope of Plaintiff's § 405(g) claim on appeal is limited to the question of whether the Commissioner erred by dismissing Plaintiff's request for a hearing, and such question has been rendered moot by the Commissioner's request to reverse its own decision and remand the case to provide Plaintiff the hearing he was previously denied. R&R at 3.

Plaintiff's Objections largely rehash the arguments in his original Opposition to Defendant's Motion, that his case should not be remanded to the agency because of alleged bad faith on Defendant's part, the length of the delay, and the impact of such delay on the availability of witnesses and evidence.[3] *See generally* Remand Objs.; *see also* Amended Objs. at 12–18. He also includes exhibits labeled "WeThePeople Are Sovereign Supreme," which provides that "WeThePeople are the supreme sovereign of USA, not the governments," as well as his own Declaration, and purported reports of SSA claims processing. *See* Amended Objs.

Plaintiff's Objections additionally challenge the Court's prior Order dismissing the

---

[3] The Court notes one of Plaintiff's repeated objections is to the R&R's referencing of Former Commissioner Carolyn Colvin as Defendant in one instance. *See e.g.*, Remand Objs. at 6–7; Amended Objs. at 6. Plaintiff appears to suggest, based on the foregoing, that Judge Goddard reviewed the wrong Motion to Remand for the purposes of her Report and Recommendation. The Court finds it clear Judge Goddard reviewed and formed her Recommendation on the proper Motion (ECF No. 61), despite the change in Commissioners between such Motion and the issuance of the R&R. Accordingly, the Court **OVERRULES** this Objection.

other claims in his SAC. *See* Remand Objs. at 8–12, 28–29, 32–42; Amended Objs. at 6–11, 21–29. However, Plaintiff has already moved for, and was denied, reconsideration of the Court's May 6, 2024 Order screening his SAC, *see* ECF Nos. 55, 56, thus these challenges are not proper objections to the present R&R. *See* ECF No. 56 at 10 ("The Court will entertain no further motions from Plaintiff concerning the May 6, 2024 Order.").

Additionally, after a *de novo* review of the R&R's reasoning, the Parties' briefing, the record evidence, and applicable legal authorities, the Court agrees with Magistrate Judge Goddard's Recommendation. As Judge Goddard explained, the Court's review is limited to the procedural decision made by the ALJ to dismiss Plaintiff's hearing request based on the ALJ's finding that Plaintiff did not show good cause for failing to attend the second hearing on his application. R&R at 3 (citing SAC Order at 18–20). That question is now moot as the Commissioner has moved to reverse his own decision and remand the case to provide Plaintiff the hearing he was previously denied.

Moreover, to the extent Plaintiff seeks an immediate award of benefits, the Court cannot remand a case for the immediate award of benefits unless—among other requirements—"the record has been fully developed and further administrative proceedings would serve no useful purpose[.]" *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." (citation omitted)). Here, Plaintiff himself argues, even in his Objections, that the record is not fully developed. *See* Remand Objs. at 22 ("The ALJ and Agency violated due process Rights by denial of full record development[.]"), 25 ("Yes, the Plaintiff complained about the record not being fully developed due to criminal acts of personnel. However, the die is cast now; the record can no longer be more fully developed.").

Nor have the merits of Plaintiff's disability application been finally decided by the

agency. Because the Appeals Council vacated the ALJ's first decision and ordered a new hearing, the ALJ's dismissal of Plaintiff's hearing request due to Plaintiff's failure to appear at the second hearing reinstalled the denial of Plaintiff's disability application at the reconsideration level—it did not reinstall the ALJ's unfavorable decision that had been vacated by the Appeals Council. *See* AR 13 (the ALJ's September 28, 2022 decision, which became the Commissioner's final decision on appeal to this Court, stating that Plaintiff's "request for hearing dated December 5, 2014 is dismissed and the determination dated October 9, 2014 remains in effect"). And the Court "should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Smith v. Berryhill*, 587 U.S. 471, 488 (2019).

Though the Court recognizes Plaintiff's frustration with the long delay in the resolution of his benefits application, the Court finds the proper remedy here is to remand for further administrative proceedings and analysis. Accordingly, the Court **ADOPTS** Judge Goddard's Recommendation, **OVERRULES** Plaintiff's Objections, and **GRANTS** Defendant's Motion to Remand.[4]

## II. Motion to Bifurcate

Next, Plaintiff asks the Court to bifurcate the claims brought in "Part A" of his SAC, that is, his disability claims arising under 42 U.S.C. § 405(g), from the claims raised in "Parts B–E" of the SAC, which the Court dismissed without leave to amend in its screening order for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii). *See* SAC Order at 24. Plaintiff explains that he seeks to bifurcate his claims so that

---

[4] Plaintiff also asks the Court to take "Mandatory Judicial Notice" of various cases, laws, and procedural rules. *See generally* Request for Judicial Notice ("RJN"), ECF No. 109. The Court finds this request inappropriate as it is not targeted towards specific adjudicative facts properly subject to judicial notice. *See* Fed. R. Evid. 201(b). Thus, Plaintiff's Request for Judicial Notice (ECF No. 109) is **DENIED**. However, "[t]he law is the law regardless of whether the Court takes judicial notice of it." *Harner v. USAA Gen. Indem. Co.*, No. 18CV01993-LL-MDD, 2022 WL 1271136, at *3 (S.D. Cal. Apr. 28, 2022).

he can immediately appeal the Court's dismissal of Parts B–E, without waiting for a decision on the Motion to Remand concerning the § 405(g) claims. Bifurcate Mot. at 5–7. After filing the Motion to Bifurcate, Plaintiff appealed the SAC screening order on August 5, 2024. ECF No. 74. On August 29, 2024, the Court of Appeals found that it lacked jurisdiction over the appeal because the order challenged was not final or appealable. ECF No. 89 (first citing Fed. R. Civ. P. 54(b); and then citing *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (order disposing of fewer than all claims against all parties not immediately appealable unless district court directs entry of judgment pursuant to Fed. R. Civ. P. 54(b))).

Magistrate Judge Goddard recommends denying Plaintiff's Motion to Bifurcate. Judge Goddard first construes Plaintiff's Motion to Bifurcate as a request to certify Plaintiff's claims in Parts B–E of the SAC as immediately appealable under Rule 54(b), in light of the rationale underlying the request. R&R at 10. So construed, Judge Goddard recommends denying the Motion to Bifurcate as moot on the basis that all claims in the SAC will become immediately appealable upon the Court's entry of a final judgment remanding Plaintiff's disability claims to the agency for further proceedings. *Id.* And, in any event, Judge Goddard finds that certifying Plaintiff's dismissed claims in Parts B–E of the SAC for immediate appeal is not in the interest of sound judicial administration. *Id.* at 11–12.

Plaintiff first objects on the basis that Judge Goddard's analysis is made under the faulty assumption that the Court will grant Defendant's Motion to Remand. Bifurcate Objs. at 5. As the Court will grant Defendant's Motion to Remand, as explained above, the Court accordingly **OVERRULES** Plaintiff's Objection.

Plaintiff also argues bifurcation should not be denied as this will delay his receipt of Title II benefits, and delay the appeal of Parts B–E. Amend. Objs. at 30. The Court, in its *de novo* review, agrees with Judge Goddard's conclusions. To the extent Plaintiff is requesting the Court certify Parts B–E for appeal under Rule 54(b) while Plaintiff pursues his § 405(g) claim on remand without appealing the Court's order remanding that claim,

there is no clear mechanism under the Federal Rules to bifurcate Plaintiff's claims this way, outside of Rule 54(b).

But "Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Here, as noted above, Plaintiff will be able to appeal both the Court's Order remanding his § 405(g) claims and its order dismissing his other claims immediately upon the Court's remand and entry of judgment, thus certification of his claims for immediate appeal is unnecessary. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101–02 (1991) (explaining that a remand order under sentence four of § 405(g) must be accompanied by a "final judgment" triggering the beginning of the appeal period).

In any event, Rule 54(b) instructs the Court that it may direct entry of a final judgment as to "one or more, but fewer than all, claims" in a case "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In making that determination, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The decision whether to certify is left to the sound judicial discretion of the district court, and the discretion must be exercised "in the interest of sound judicial administration." *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). Some of the relevant factors a court may consider in reaching this determination include (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated are separate, distinct, and independent of any of the other claims or counterclaims involved; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; and (4) whether the nature of the claims is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Curtiss-Wright*, 446 U.S. at 5–6.

Even if Parts B–E were not immediately appealable upon this Court's remand and entry of judgment, and/or the Court could separately certify Parts B–E for appeal under Rule 54(b) while Plaintiff pursues his § 405(g) claim on remand without appealing the Court's order remanding that claim, certification of such claims is not in the interest of sound judicial administration.  Rather, as many of the dismissed claims he seeks to appeal are connected to his pursuit of social security benefits and the SSA's handling of his application for benefits, the Court finds certification would result in unnecessary or piecemeal appellate review that would not advance the overall case or ultimate appellate disposition.  And Plaintiff has not established any other legal basis to bifurcate his claims.  Accordingly, the Court also finds certification under Rule 54(b) would not be warranted, were it even applicable, as the relevant factors weigh against certification.

Therefore, the Court **ADOPTS** Judge Goddard's Recommendation, **OVERRULES** Plaintiff's Objections, and **DENIES** Plaintiff's Motion to Bifurcate.

### III. Motion for Sanctions

Finally, Plaintiff has also filed a separate Motion for Sanctions against the Commissioner under Federal Rule of Civil Procedure 11 and Civil Local Rule 83.1 in response to Defendant's Motion to Remand.  *See* Sanctions Mot.  Plaintiff argues Defendant filed the Motion to Remand for an improper purpose—namely, abuse, delay, and to increase costs—and without evidentiary or legal support, in violation of Rule 11. *Id.* at 15–18.  Additionally, Plaintiff contends that key evidence such as witness testimony from his physicians has now been "spoiled" due to the passage of time, and presents a separate spoliation argument under Federal Rule of Civil Procedure 37 and related caselaw. *Id.* at 9–15.

Judge Goddard recommends that Plaintiff's Motion for Sanctions be denied, as remand for a new hearing before a new ALJ is the best remedy available to Plaintiff in this Court and there is no basis to find that Defendant's request for a new hearing is frivolous or done for an improper purpose, as required to justify Rule 11 sanctions.  R&R at 16. Judge Goddard additionally finds that Plaintiff has failed to meet his burden to obtain

spoliation sanctions under Rule 37 as he has not shown discovery misconduct on the part of Defendant justifying the imposition of spoliation sanctions. *Id.* at 16–18.

Plaintiff objects to Judge Goddard's recommendation, arguing that Defendant acted with bad faith. *See generally* Sanctions Objs.; *see also* Remand Objs. at 18–19; Amended Objs. at 11, 31. The Court disagrees, finding that the R&R sufficiently evaluated the Motion and properly found that Rule 11 sanctions and spoliation sanctions were unwarranted.

Rule 11(b)(1) authorizes the court to impose sanctions for a pleading, written motion, or other paper presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b)(1). If a court finds that a motion or paper, other than a complaint, is filed in the context of a persistent pattern of clearly abusive litigation activity, it will be deemed to have been filed for an improper purpose and sanctionable. *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988).

Spoliation sanctions are governed by Rule 37(e) of the Federal Rules of Civil Procedure, which provides as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

A party moving for spoliation sanctions bears "the burden of establishing spoliation by

demonstrating that [the non-moving party] destroyed documents and had some notice that the documents were potentially relevant to the litigation before they were destroyed." *Harfouche v. Wehbe*, 705 F. App'x 589, 590 (9th Cir. 2017) (quoting *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015)); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).

If the moving party cannot show that the non-moving party acted with "intent to deprive" another party of the information but otherwise establishes that the evidence was lost because the non-moving party failed to take reasonable steps to preserve it, the subparagraph applies only "upon finding prejudice" to another party from the loss of information. Fed. R. Civ. P. 37(e)(1). "The Court has the discretion to determine whether the loss of the information is prejudicial; neither party carries a burden of proving or disproving prejudice." *Hernandez v. Tulare Cnty. Corr. Ctr.*, No. 116CV00413EPGPC, 2018 WL 784287, at *4 (E.D. Cal. Feb. 8, 2018) (quoting Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment). The Court's evaluation of whether the loss of the information was prejudicial depends in part on the importance of the information to the case. *Id.* Further, upon a finding of prejudice, the Court may issue a sanction "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

Here, the Court finds that Plaintiff has not shown Rule 11 sanctions are warranted. Although Plaintiff outlines years' worth of grievances regarding how his case was handled at the agency level, he has not demonstrated that Defendant's request for a new hearing is frivolous or done for an improper purpose, as required to justify Rule 11 sanctions. Moreover, as Judge Goddard explains, "although Plaintiff does not view it as such, a remand is not only a ruling in his favor but constitutes the best possible outcome for him given the posture of the case and the limits of this Court's jurisdiction." R&R at 16.

The Court further agrees Plaintiff has failed to meet his burden to obtain spoliation sanctions under Rule 37. First, he has not shown Defendant acted with the intent to deprive him of any evidence and does not point to any specific evidence that was either destroyed,

or that the agency had in its custody and control but failed to preserve. To the extent he argues the passage of time has resulted in the loss of testimony of state agency witnesses regarding the decisions they made on his disability application—assuming loss of such evidence could even form the basis of a spoliation claim—both Parties bear some responsibility for the delay here. For example, following the Appeals Council's order vacating the ALJ's decision and ordering a new hearing, Plaintiff requested that the hearing be rescheduled or postponed no less than five times and repeatedly objected to the hearing notices throughout 2021 and 2022, initially on the basis that he refused to attend a telephonic hearing and later because he refused to appear in front of the specific ALJ and in the specific venue that he accused of bias and criminal conspiracy against him. *See* AR 222; 225–26, 232–33, 243–44; 279; 403; 494; 35–50; 1248–49; 1250; 1260–65; 1275–76; 1280–89. In any event, the Court finds that the existence of treatment records and other written evidence from Plaintiff's treating physicians mitigates any loss of live in-person testimony from his physicians. For instance, Plaintiff still has the Consultative Exam Report compiled by his treating physician that preserves the evidence from the relevant time period during which Plaintiff alleges disability. Thus, the Court finds Plaintiff has failed to show Defendant acted with the intent to deprive him of any evidence, and the passage of time in this case has not resulted in a loss of evidence in a way that otherwise prejudices Plaintiff.

Accordingly, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** Judge Goddard's Recommendation, and **DENIES** Plaintiff's Motion for Sanctions.[5]

///

---

[5] The Court notes Plaintiff's Amended Objections include a request for an additional thirty (30) days to make "small adds, clarity and reference upgrades," as he only had three weeks to work on his response due to medical issues, and he was not able to ensure proper citations to the record. Amended Objs. at 2. He indicates that, in "the meantime, most of the objections here could still be worked on by the court why [sic] amending occurred." *Id.* The Court notes Plaintiff already filed Objections, *see* ECF Nos. 107, 108, 109, and was given a 60-day extension, *see* ECF Nos. 105. Thus, the Court does not find good cause exists for a further extension, nor is additional amendment necessary for the Court to make its ruling. Accordingly, the Court **DENIES** this request in Plaintiff's Amended Objections (ECF No. 112).

## CONCLUSION

After reviewing the R&R and conducting a *de novo* review of those portions to which Plaintiff objected, the Court **ORDERS** as follows:

1. Plaintiff's Objections (ECF Nos. 106, 107, 108, 112) are **OVERRULED**.
2. The Courts **ADOPTS** the R&R in its entirety (ECF No. 103) as set forth in this Order.
3. Defendant's Motion to Remand to the Social Security Administration (ECF No. 61) is **GRANTED**.
4. Plaintiff's Motion to Bifurcate (ECF No. 63) is **DENIED**.
5. Plaintiff's Motion for Sanctions (ECF No. 87) is **DENIED**.

This case is thus **REMANDED** for a new hearing before a new ALJ under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and the Court **ENTERS** a final judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner. As this concludes the litigation in this matter the Clerk of Court **SHALL** close the case.

**IT IS SO ORDERED.**

Dated: June 26, 2025

Hon. Janis L. Sammartino
United States District Judge